[Civ. No. 692. Second Appellate District.—November 13, 1909.]

## R. A. VAN LOAN and R. L. BERRY, Appellants, v. J. M. GLAZE, Respondent.

ACTION FOR BROKERS' COMMISSIONS—SALE OF ORCHARD—PROPOSED PUR-CHASER UNWILLING TO ACCEPT TERMS—FINDINGS—ACREAGE NOT WARRANTED.—Real estate agents are not entitled to recover commissions for procuring a purchaser for defendant's orchard described, according to belief, as containing 28 acres, for a price of $30,000, on specified terms, where the court found, upon sufficient evidence, that the estimated acreage was mere matter of description and that it was intended to sell the orchard as a whole, upon the terms specified, without any warranty of quantity, or of acreage; and that the purchaser, upon receiving an abstract

showing only 26.72 acres in the orchard, refused to purchase upon the terms proposed, and requested a modification of terms, to which the vendor did not agree.

ID.—SALE NOT EFFECTED.—Where the broker assumed to sell 28 acres for $30,000, the purchaser properly refused to accept 26.72 acres as a compliance with the broker's contract, which he had the right to do; and it is equally true that if defendant offered his orchard as an entirety, regardless of the acreage, for that sum, then his mind and that of the purchaser never met, and defendant cannot be compelled to carry out a contract which he never made.

ID.—MUTUALITY OF MISTAKE—OMISSION IN FINDINGS IMMATERIAL.— In view of the findings as to the sale of the orchard as an entirety, and not by quantity or guaranty as to area, and that the sale failed because of shortage in the acreage alone, it is entirely immaterial whether the mistake in the acreage was mutual or not, and the omission to find upon an issue as to such mutuality was not a mistrial, or ground for a new trial.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Larkins & Feemster, for Appellants.

Power & McFadzean, for Respondent.

TAGGART, J.—Action to recover commissions for sale of real estate. Judgment for defendant, and plaintiffs appeal from judgment and order denying their motion for a new trial.

Defendant, who resided at San Jose, was the owner of an orange orchard in Tulare county. Plaintiffs, who were real estate agents doing business at Visalia in that county, having in mind a prospective purchaser for the orchard, procured from defendant the following writing:

"May 28th, 1907.

"I agree to sell to R. A. Van Loan and R. L. Berry, or any one whom they may name at any time, and up to and including June 2nd, 1907, the following real estate: 28 acres in the northwest quarter of the northwest quarter of the southeast quarter of section twelve, township twenty south, range twenty-six east, M. D. B. & M., for the sum of $30,000.00,

on the following terms, to wit: One-third cash on or before the 15th day of June, 1907, balance on or before the 1st day of January, 1908, with interest at the rate of 8 per cent. per annum.

"I also agree to pay to the above named agents $1,000.00 as commission upon the above amount for their services, out of the first money received, and further agree to furnish a clear title and abstract to above property as soon as required.

"This contract and all its provisions shall be irrevocable.

"J. M. GLAZE."

On June 3d (June 2d being a holiday) C. H. Brampton, the purchaser mentioned, gave one of the plaintiffs a check for $50 as a deposit to bind the sale and to apply on the first payment on the property. On June 4th defendant was notified by telegraph: "Deal closed; but buyer prefers Jan. 1st, 1909, instead of Jan. 1st, 1908, as per your contract, as date of last payment. If satisfactory, deliver abstract of title to me at once." (Signed) "R. A. Van Loan." Some further correspondence ensued; the change of time of payment was not agreed to by defendant, but the abstract was forwarded and the transaction was assumed by all parties to be in progress toward a transfer of the property, but no agreement to purchase was ever reduced to writing or signed by the purchaser. On June 11th, defendant called at the office of Van Loan in Visalia, talked over the trade, learned that the continuation of the abstract was not completed, and prepared and mailed a deed of the property to San Jose for his wife to sign. The next day the abstract was handed to Brampton, who discovered that the orchard contained but 26.72 acres, instead of 28 acres, and declined to pay $30,000 for it, but made an offer for 26.72 acres at the rate per acre that it would have cost him if there had been 28 acres. Defendant refused to make this reduction or accept this offer, but, according to his own testimony (which is contradicted by Van Loan), he asked to see the purchaser, whom he had never met, that if possible an adjustment might be made, but Van Loan declined to bring them together, saying that he (defendant) was doing business with him (Van Loan) and had no right to see Brampton. This was on June 14th, and defendant left Visalia the day before the first payment was due and did not return.

There is apparently some confusion in the minds of appellants as to the relations between them and the defendant, growing out of the writing above mentioned. They assume to be the purchaser for some purposes, brokers for another, and Van Loan testified that he intended to sign a written contract with Brampton on behalf of defendant. But there seems to be no question that the instrument was intended to be an authorization of plaintiffs to sell the property for defendant for a commission of $1,000. No sale was ever made, because they sold Mr. Brampton 28 acres for $30,000, and he refused to take 26.72 acres as a compliance with this agreement, as he had a right to do. It is equally true that if the defendant offered his orchard as an entirety, regardless of its acreage, for the sum of $30,000, then his mind and that of Brampton never met, and defendant could not be compelled to carry out a contract which he never made.

Plaintiffs contend that defendant authorized them to sell 28 acres, and point to the writing in support of this. The court finds, that while the defendant believed, and stated at the time the instrument was prepared, that the orchard contained 28 acres of land, "it was the intent and purpose of said plaintiffs and said defendant to describe in said contract and provide for the sale of said orchard of defendant without reference to the exact number of acres which it contained." There is evidence to sustain this finding. It appears that the exact description of the tract of land was unknown to either of the plaintiffs or the defendant at the time the writing was prepared. The description in it was obtained from a wall map in the office of Mr. Berry by the latter, according to the defendant, and by Berry and defendant, according to the plaintiffs. It was intended to serve the purpose of this preliminary contract and was not assumed to be exact. The evidence of Berry, which is conceded to be true, discloses that the description was not correct even as to government fractional sections mentioned, and defendant testified that the orchard was generally known as containing 28 acres and so known to plaintiffs. This, with other evidence as to the circumstances surrounding the preparation of the writing and the information of the parties as to the property, justified the trial court in concluding that the use of the figures "28" was

11 Cal. App.—48

as a means of identification of the particular orchard, rather than as a statement of warranty of the quantity to be sold.

The same inference answers plaintiffs' specifications of the insufficiency of the evidence to sustain the other findings attacked on this appeal. Sitting as a court of equity to reform the instrument, the superior court would have done an idle thing if it had decreed a reformation of the description in the contract by changing the designation of the fractions of the section. This was entirely immaterial after it was found that the orchard was to be sold as a whole and not by the quantity or upon a guaranty as to the area, and that the sale to Brampton failed because of a shortage in the acreage alone. It is immaterial whether this mistake was mutual or not, as it in no way affects the right of recovery of plaintiffs under the findings of the trial court in respect to the other questions. The failure to find upon this issue, therefore, was not a mistrial.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.