[No. B012860. Second Dist., Div. Three. Dec. 18, 1986.]

EUNICE FORD, Plaintiff and Appellant, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al.,
Defendants and Respondents.

[No. B010793. Second Dist., Div. Three. Dec. 18, 1986.]

ROES 1 through 200, Plaintiffs and Appellants, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Defendant
and Respondent.

COUNSEL

Gary L. Bostwick and Richard P. Towne for Plaintiffs and Appellants.

De Witt Clinton, County Counsel, and John P. Farrell, Deputy County [ounsel, for Defendants and Respondents.

OPINION

DANIELSON, J.—Plaintiff Eunice Ford (Ford), on behalf of herself and the class she seeks to represent, appeals from the order dismissing the entire action based upon her amended verified complaint for injunctive and declaratory relief; and plaintiffs Roes 1 through 200 purport to appeal from the minute order of January 16, 1985, denying their application for a preliminary injunction.

In these consolidated matters, we review orders of the superior court (1) denying a preliminary injunction sought by plaintiffs and petitioners, Roes 1 through 200, in connection with their verified complaint for injunction and declaratory relief, and (2) dismissing the action following the sustaining without leave to amend of the demurrer of defendants and respondents superior court and clerk of the superior court to the amended verified complaint

filed by appellant Eunice Ford, an unnamed plaintiff in the original complaint, individually and on behalf of the class she seeks to represent.

The plaintiffs allege that they are all persons named or otherwise identified in documentary exhibits in Los Angeles Superior Court case number C 420153, Church of Scientology of California v. Gerald Armstrong. That action was tried before Judge Breckenridge, and a judgment signed by Judge Breckenridge was entered in favor of the defendant on August 10, 1984. The judgment contained comprehensive orders with respect to the disposition of all documents or objects received in evidence or marked for identification during the trial.[1]

---

[1]The judgment reads, in pertinent part:

"IT IS FURTHER ORDERED AND ADJUDGED THAT:

"(3) As to the Fourth Cause of Action for Declaratory and injunctive Relief of the Complaint and Complaint-In-Intervention, neither Plaintiff nor Plaintiff-In-Intervention has clean hands and are not entitled to the immediate return of any document or object presently retained by the Court. As to these documents and objects, the Court makes further orders as follows:

"(a) All documents and objects received in evidence or marked for identification during trial, unless specifically ordered sealed, are matters of public record and shall be available for public inspection or use to the same extent that any such exhibit would be available in any other lawsuit;

"(b) Those exhibits specifically ordered sealed are as follows: Exhibits in Evidence Nos. 500-40; JJJ; KKK; LLL; MMM; NNN; OOO; PPP; QQQ; RRR; and 500-QQQQ. Exhibits for identification only Nos. JJJJ; Series 500-DDDD, EEEE, FFFF, GGGG, HHHH, IIII, NNNN-1, OOOO, ZZZZ, CCCCC, GGGGG, IIIII, KKKKK, LLLLL, OOOOO, PPPPP, QQQQQ, BBBBBB, OOOOOO, BBBBBBB;

"(c) The 'inventory list and description' of materials turned over by counsel for Defendant Gerald Armstrong to the Court shall not be considered or deemed to be confidential, private or under seal;

"(d) Defendant Gerald Armstrong and his counsel are free to speak or communicate upon any of Defendant Gerald Armstrong's recollections of his life as a Scientologist or upon the contents of any exhibit received in evidence or marked for identification and not specifically ordered sealed;

"(e) As to all documents and other materials held under seal by the Clerk, Defendant Gerald Armstrong and his counsel shall remain subject to the same injunctions as presently exist, at least until the conclusion of the proceedings on the Cross-Complaint of Defendant Gerald Armstrong.

"(f) In any other legal proceedings in which defense counsel, Contos & Bunch and Michael J. Flynn, or any of them, is of record, such counsel shall have the right to discuss exhibits under seal, or their contents, if such is reasonably necessary and incidental to the proper representation of his or her client;

"(g) If any court of competent jurisdiction orders Defendant Gerald Armstrong or his counsel to testify concerning the fact of any such exhibit, document, object, or its contents, such testimony shall be given, and no violation of this judgment will occur;

"(h) Defendant Gerald Armstrong and his counsel may discuss the contents of any documents under seal or . . . any matters . . . which this Court has found to be privileged as between the parties hereto, with any duly constituted governmental law enforcement agency or submit any exhibits or declarations thereto concerning such document or materials, without violating this judgment;

The complaint in the case giving rise to this appeal, seeking injunctive and declaratory relief, was filed on December 20, 1984 and was assigned to a department of the superior court other than that presided over by Judge Breckenridge.

■ The complaint states no cause of action. In reality, it seeks to have one department of the superior court review and restrain the judicial act of another department of the superior court. That cannot be done. The complaint sought an order restraining the superior court and the clerk of the superior court from carrying out and executing the judgment which had been entered by the superior court in case number C 420153 on August 10, 1984.

The preliminary injunction was denied by Judge Shimer on January 16, 1985 without prejudice to the plaintiffs' right to make further application to Judge Breckenridge; later, the demurrer of defendants superior court and Frank S. Zolin, clerk of the superior· court, to the amended verified complaint, was sustained without leave to amend, the judge noting in his minute order that the court had no jurisdiction over the matter. The order of dismissal was made and entered by Judge Dowds on March 28, 1985.

■ " ' "A superior court is but one tribunal, even if it be composed of numerous departments .... An order made in one department during the progress of a cause can neither be ignored nor overlooked in another department...." ' (*People* v. *Grace,* 77 Cal.App. 752 ... cited in *Lee* v. *Offenberg,* 275 Cal.App.2d 575, 583 ....) This is because the state Constitution, article VI, section 4 vests jurisdiction in the court, '... and not in any particular judge or department ... ; and ... whether sitting separately or together, the judges hold but one and the same court. [Citation.] It follows, ... where a proceeding has been ... assigned for hearing and determination to one department of the superior court by the presiding judge ... and the

---

"(i) All other documents or objects presently in the possession of the Clerk of the Court and not marked as court exhibits, shall be retained by the Clerk subject to the same orders as are presently in effect as to sealing and inspection; until such time as trial court proceedings are concluded as to the severed Cross-Complaint of Defendant Gerald Armstrong.

"(j) For the purposes of this Judgment, conclusion will occur when any motion for new trial has been denied, or the time within [which] such a motion must be brought has expired without such a motion being made. At that time, all documents neither received in evidence, nor marked for identification only, shall be released by the Clerk to Plaintiff's representat[ives]. Notwithstanding this Order, the parties may at any time, by written stipulation filed with the Clerk, obtain release of any or all such unused material;

"(k) This Court will retain jurisdiction to enforce, modify, alter or terminate any injunction included within this Judgment."

The documents are presently subject to an order of this court staying their release pending determination of the instant matters.

proceeding . . . has not been finally disposed of . . . it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned . . . . If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion. [Citation.]' (*Williams* v. *Superior Court,* 14 Cal.2d 656, 662 . . . .)" (*In re Kowalski* (1971) 21 Cal.App.3d 67, 70 [98 Cal.Rptr. 444]; *People* v. *Batchelor* (1976) 56 Cal.App.3d 278, 284 [128 Cal.Rptr. 349].)

■ One department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court. Even between superior courts of different counties, having coequal jurisdiction over a matter, the first court of equal dignity to assume and exercise jurisdiction over a matter acquires exclusive jurisdiction. (*Morrisette* v. *Superior Court* (1965) 236 Cal.App.2d 597, 599-600 [46 Cal.Rptr. 153]; *Browne* v. *Superior Court* (1940) 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276].)

A judgment rendered in one department of the superior court is binding on that matter upon all other departments until such time as the judgment is overturned. (*People* v. *Superior Court* (1967) 249 Cal.App.2d 727, 734 [57 Cal.Rptr. 818].) ■ Appellate jurisdiction to review, revise, or reverse decisions of the superior courts is vested by our Constitution only in the Supreme Court and the Courts of Appeal. (Cal. Const., art. VI, § 11.)

■ In the present case, neither Judge Shimer nor Judge Dowds had jurisdiction to make any order which would interfere with the judgment made and entered on August 10, 1984, by the superior court, Judge Breckenridge presiding, nor with respect to the documentary exhibits which were subjects of the orders previously made by Judge Breckenridge. Plaintiffs' remedy was by way of intervention in the main case, and, in the event of an adverse decision there, an appeal to this court. (Cal. Const., art. VI, § 11.)

■ In the light of our affirming the order of dismissal of the entire action below, for lack of jurisdiction over the subject matter, it follows that there was no viable action below and the question of the propriety of the denial of the preliminary injunction is moot. ■ Furthermore, although the plaintiffs "Roes 1 through 200"[2] filed a timely notice of appeal from the minute order denying a preliminary injunction, they have not presented a legal argument nor cited any authorities, and have not specified any points

---

[2]We do not need to decide whether a civil action can be commenced by fictitious plaintiffs.

in support of that appeal and we treat it as waived. (*Estate of Randall* (1924) 194 Cal. 725, 728-729 [230 P. 445]; *Ward* v. *Litowsky* (1970) 5 Cal.App.3d 437, 439 [85 Cal.Rptr. 278]; and see text and authorities cited at 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, pp. 469-470.)

### DECISION

The orders denying preliminary injunction and dismissing the entire action are affirmed.

Klein, P. J., and Herrington, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.