[No. E007776. Fourth Dist., Div. Two. May 17, 1991.]

DAVID SLONE et al., Plaintiffs and Appellants, v.
INYO COUNTY JUVENILE COURT et al., Defendants and Respondents.

## COUNSEL

Lawrence R. Stidham, under appointment by the Court of Appeal, Dorothy Alther, Michael S. Pfeffer and Stephen V. Quesenberry for Plaintiffs and Appellants.

L. H. Gibbons, Jr., District Attorney, for Defendants and Respondents.

William Bud Walls II, under appointment by the Court of Appeal, for Minors.

## OPINION

**HOLLENHORST, Acting P. J.**—Plaintiffs David and Lou Emma Slone appeal from the Inyo County Superior Court's denial of their petition, pursuant to 25 United States Code section 1914, a provision of the Indian Child Welfare Act (ICWA), in which they sought to invalidate actions of the Inyo County Juvenile Court. The actions to which plaintiffs objected had taken place in a juvenile court dependency case involving their three children. Their sole contention on appeal is that the superior court erred in ruling that it had no jurisdiction to hear the petition. The basis of the superior court's ruling was that it was not a "court of competent jurisdiction" to review the actions of the juvenile court under 25 United States Code section 1914.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff Lou Emma Slone is an Indian and a member of the Choctaw Indian Nation in the State of Oklahoma. Plaintiff David Slone, her husband, is a non-Indian. The couple's three children are either members of their mother's tribe or eligible for membership.

In August of 1987 the Inyo County Department of Social Services (DSS) removed plaintiffs' children from the couple's home and filed a dependency petition on their behalf in the juvenile court. On December 21, 1987 the juvenile court found the children to come within its jurisdiction, declared them dependent children of the court, and continued their placement outside plaintiffs' home. Sometime after the dispositional hearing in the juvenile court matter, the parents were imprisoned for terms which would exceed the maximum 18-month period for family reunification allowed under Welfare and Institutions Code section 361.5, subdivision (a), apparently for committing crimes against their children.[1]

On June 30, 1988 DSS filed a motion in the juvenile court to terminate reunification services under section 361.5, subdivision (e), which provides in part that "[i]f the parent or guardian is incarcerated or institutionalized, the court shall order reasonable [reunification] services unless the court determines those services would be detrimental to the minor." At the hearing on this matter plaintiffs raised for the first time issues under the ICWA, contending that the DSS had violated or was violating provisions of 25 United States Code sections 1912 and 1913 related to notice, reunification services, and the use of expert witnesses. The juvenile court found that DSS

---

[1]All further statutory references are to the Welfare and Institutions Code of California, unless otherwise indicated.

was in full or substantial compliance with the provisions of the ICWA in question, and ordered that reunification services be discontinued and that the case proceed to the permanency planning stage.

While a permanency planning hearing was either pending or in progress, plaintiffs filed a petition in the superior court requesting that court to "invalidate the actions of the Inyo County Juvenile Court which violate [25 United States Code] §§ 1912 and 1913." In their pleadings and in their oral presentation at the hearing, plaintiffs indicated to the court that they were seeking "review" of the juvenile court's actions in ordering discontinuance of reunification services and failing to follow the provisions of ICWA. Plaintiffs argued that 25 United States Code section 1914 conferred jurisdiction upon the superior court to entertain such a "review," because the section directed that interested parties might "petition any court of competent jurisdiction to invalidate [an action related to foster care placement of an Indian child] upon a showing that such action violated any provision of [25 United States Code] sections 1911, 1912, and 1913." The court ruled that it did not have such jurisdiction.

## DISCUSSION

Plaintiffs point out that the ICWA is a remedial statute which preempts conflicting state law. They contend that (1) 25 United States Code section 1914 preempts the jurisdictional rules of the California courts and establishes an independent action which may be brought in a superior court of California to provide a speedy review of actions of a juvenile court of the same county related to 25 United States Code sections 1912 and 1913; and (2) that the juvenile court is a division of the superior court, and judges may make decisions that are inconsistent with decisions in the same superior court, so the superior court has jurisdiction to render a decision invalidating an action of the juvenile court. As we explain below, we disagree with both these contentions.

### 1. *ICWA does not preempt California jurisdictional rules.*

In California, the Legislature has conferred original jurisdiction over removal of dependent children from parental custody, foster care placement of such children, and termination of parental rights of such children's parents upon the juvenile court pursuant to section 300 et seq. Once a minor has been adjudged a dependent child, the juvenile court may retain jurisdiction over that child until he or she reaches the age of 21 years. (§ 303.) All issues pertaining to the custody of a dependent child must be heard by the juvenile court; not even the domestic relations division of a superior court may

entertain an action for custody of such a child pursuant to the state's marriage dissolution laws. (§ 304.)

■ Title 25 United States Code section 1914 reads as follows: "Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title."

While Congress did not define the phrase, "any court of competent jurisdiction," found in 25 United States Code section 1914, it did not intend that section 1914 should preempt the subject matter jurisdiction of any state court or confer new subject matter jurisdiction upon any state court regarding rights created by 25 United States Code sections 1912 and 1913. The legislative history of the ICWA indicates that Congress did not intend to let local rules concerning such matters as pleading or burden of proof defeat the purpose of the act. However, it concluded that it is the "duty of State courts, *otherwise having jurisdiction of the subject matter*, to enforce" federal substantive rights created by the ICWA. (1978 U.S. Code Cong. & Admin. News, at p. 7541, italics added.) In support of this conclusion, it quoted *In re Second Employers' Liability Cases* (1912) 223 U.S. 1 [56 L.Ed. 327, 32 S.Ct. 169], which provides in pertinent part: "We come next to consider whether rights arising from congressional act may be enforced, as of right, in the courts of the States *when their jurisdiction, as prescribed by local laws, is adequate to the occasion.* . . . [¶] We conclude that·rights arising under the [Federal] act in question may be enforced, as of right, in the courts of the States *when their jurisdiction, as prescribed by local laws, is adequate to the occasion.*" (*Id.*, at pp. 55, 59 [56 L.Ed. at pp. 348, 350], italics added.)

We have found no case law or other authority, either mandatory or persuasive, which indicates in any way that the ICWA confers jurisdiction on our superior courts to hear petitions pursuant to 25 United States Code section 1914. Plaintiffs cite *Mississippi Choctaw Indian Band* v. *Holyfield* (1989) 490 U.S. 30 [104 L.Ed.2d 29, 109 S.Ct. 1597] to support their position. *Holyfield*, however, is inapposite; it deals only with whether the state or federal definition of "domicile" is applicable when deciding whether a tribal or state court has jurisdiction over child custody proceedings under 25 United States Code section 1911, which vests the tribal courts with exclusive jurisdiction over custody of Indian children domiciled on the reservation. (*Id.*, at pp. 35-36, 51-53 [104 L.Ed.2d at pp. 38, 48-49].) Plaintiffs in this action have not challenged the jurisdiction of the state's courts over the dependency matter—their argument is confined to which

court within the state's judicial system is competent to entertain a petition pursuant to 25 United States Code section 1914.

2. *Superior court has no power to invalidate juvenile court rulings.*

■ California law prohibits one department of a superior court from invalidating a ruling made by another department of the same court. In *Williams* v. *Superior Court* (1939) 14 Cal.2d 656, 658 [96 P.2d 334], a judge of a department of a superior court made an order purporting to invalidate the contempt order of another department of the same court while proceedings in the contempt matter were still pending in the court which had issued the contempt order. Our Supreme Court held that the order purporting to void the contempt order was null and void. (*Id.*, at p. 662.)

The *Williams* court based its holding on both the state Constitution and case law: "We are of the opinion that in making the foregoing order the judge of department 12 exceeded his jurisdiction. The state Constitution (art. VI, sec. 6) provides for but one superior court in each county, and that for each of said courts at least one judge shall be elected; it further provides that there may be as many sessions of said court at the same time as there are judges elected, appointed or assigned thereto, and that the judgments, orders and proceedings of any one session of the superior court held by any one or more of the judges thereof shall be equally effectual as though all the judges of said court presided at such session. Accordingly, it has been held that jurisdiction is vested by the Constitution in the court and not in any particular judge or department thereof; and that whether sitting separately or together, the judges hold but one and the same court. [Citation.] It follows, therefore, that where a proceeding has been duly assigned for hearing and determination to one department of the superior court by the presiding judge of said court in conformity with the rules thereof, and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. [Citation.] In other words, while one department is exercising the jurisdiction vested by the Constitution in the superior court of that county, the other departments thereof are as distinct therefrom as other superior courts. [Citation.] If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion. [Citation.]" (*Williams* v. *Superior Court, supra,* 14 Cal.2d at p. 662.)

*Ford* v. *Superior Court* (1986) 188 Cal.App.3d 737 [233 Cal.Rptr. 607], which also applies the jurisdictional rule summarized in *Williams,* is

instructive concerning the case before us. In *Ford*, one department of a superior court entered a judgment in favor of a defendant in a certain case. (*Ford, supra*, at p. 740.) The plaintiffs then filed a complaint, which was assigned to another department of the same court, seeking injunctive and declaratory relief from the judgment against them. (*Id.*, at pp. 740-741.) The second department sustained a demurrer to the new complaint on the ground it lacked jusridiction, and dismissed the new case. (*Id.*, at p. 741.) The appellate court affirmed the lower court's ruling. Initially, it commented that "[t]he complaint states no cause of action. In reality, it seeks to have one department of the superior court review and restrain the judicial act of another department of the superior court. That cannot be done." (*Ibid.*) The court cited *Williams*'s explanation that a superior court is a single tribunal and concluded that "[a] judgment rendered in one department of the superior court is binding on that matter upon all other departments until such time as the judgment is overturned. [Citation.] Appellate jurisdiction to review, revise, or reverse decisions of the superior courts is vested by our Constitution only in the Supreme Court and the Courts of Appeal. (Cal. Const., art. VI, § 11.)" (*Id.* at p. 742.)

As Bernard Witkin has observed, "[i]f the principle of priority of jurisdiction over an assigned case . . . is applicable to ordinary departments, it must be even more true of departments exercising distinct subject matter jurisdiction." (2 Witkin, Cal. Procedure (3d ed. 1985) Courts, § 192, p. 218.) In *People* v. *Sanchez* (1942) 21 Cal.2d 466, 472 [132 P.2d 810], our Supreme Court ruled in a juvenile delinquency matter that a superior court of general jurisdiction had no power to vacate the juvenile court's order committing its ward to a rehabilitative institution. The court concluded, citing *Williams*, that the ward's case "was pending before the juvenile court and its jurisdiction was therefore exclusive. . . . [T]he purposes of the Juvenile Court Law would be defeated if every department of the court acting under the general law could encroach upon the jurisdiction of the juvenile court. [¶] . . . It is inconsistent with the mode of operation required by the act to allow other departments of the court acting under the general authority of superior courts to act upon cases within the Juvenile Court Law over which the juvenile court is exercising its jurisdiction." (*Id.*, at p. 471; accord: *People* v. *Browning* (1975) 45 Cal.App.3d 125, 140-141 [119 Cal.Rptr. 420], overruled on other grounds in *People* v. *Williams* (1976) 16 Cal.3d 663, 669 [128 Cal.Rptr. 888, 547 P.2d 1000].)

The *Sanchez* holding has also been applied in juvenile dependency proceedings before the juvenile court. The appellate court in *In re Syson* (1960) 184 Cal.App.2d 111, 117 [7 Cal.Rptr. 298], affirmed a ruling that the juvenile court had exclusive jurisdiction over custody of a minor dependent, holding that "[w]hile the juvenile court, on adequate facts, retains

jurisdiction and stays within the bounds of its legal power, no other court has the right to interfere with its supervision, for the state, of the children involved." (See also *In re William T.* (1985) 172 Cal.App.3d 790, 798 [218 Cal.Rptr. 420]; *Slevats* v. *Feustal* (1963) 213 Cal.App.2d 113, 117 [28 Cal.Rptr. 517].)

In this case the juvenile court had exclusive jurisdiction over the dependency matter at the time plaintiffs brought their petition pursuant to 25 United States Code section 1914 in the superior court, attempting to invalidate a ruling of the juvenile court in the dependency case. Under *Williams*, *Sanchez* and *Syson* the superior court was not the competent state court to entertain such a petition. While the dependency matter is before the juvenile court, plaintiffs are required to bring their petition in the juvenile court. Once all the issues raised by the petition have been adjudicated in the juvenile court, plaintiffs' recourse for review is to the appellate court. (§ 395; see *Ford* v. *Superior Court, supra,* 188 Cal.App.3d at p. 742.)

## DISPOSITION

The order is affirmed.

McKinster, J., and McDaniel, J.,* concurred.

A petition for a rehearing was denied June 10, 1991, and appellants' petition for review by the Supreme Court was denied August 15, 1991.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.