28 Cal.Rptr.3d 495 (2005)
129 Cal.App.4th 334
In re JONATHON S., a Person Coming Under the Juvenile Court Law.
Riverside County Department of Public Social Services, Plaintiff and Respondent,
v.
Tiffany S., Defendant and Appellant.
No. E037183.
Court of Appeal, Fourth District, Division Two.
May 11, 2005.
*497 William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.
William C. Katzenstein, County Counsel, and Julie Koons Jarvi, Deputy County Counsel, for Plaintiff and Respondent.
Sharon M. Jones, Ventura, under appointment by the Court of Appeal, for Minor.
Certified for Partial Publication.[*]

*496 OPINION
RICHLI, J.
Tiffany S. (mother) appeals from an order terminating her parental rights to her son, Jonathon S. She contends the juvenile court erred by failing to ensure that notice was given in accordance with the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA). In the unpublished portion of this opinion, we will agree.
In the published portion of this opinion, we will hold that the mother has standing to raise this contention even though she herself is not Indian. We will further hold, however, that at this point the only order we may reverse based on this contention is the termination order, and not any earlier orders.

I

FACTUAL AND PROCEDURAL BACKGROUND
The relevant facts are few and simple. The Riverside County Department of Public Social Services (the Department) filed this dependency proceeding concerning Jonathon and two of his half siblings (not involved in this appeal). At that time, Jonathon was four; he is now six.
The jurisdictional/dispositional report stated: "The Indian Child Welfare Act does not apply. [¶] [Jonathon's father] stated that he does have an Indian Heritage (Black Foot), but that he is not part (certified) [of] an Indian Tribe."
At the jurisdictional/dispositional hearing, the juvenile court found that notice had been given "as required by law." However, it made no findings specifically concerning the ICWA.
Initially, Jonathon's father cooperated with the Department. After the jurisdictional/dispositional hearing, however, he went into hiding, apparently because he "owe[d] child support in three counties...." Meanwhile, the paternal grandmother sought, first, de facto parent status and thereafter placement; although these were denied, she remained in touch with the Department.
The social worker's reports for the six-month review hearing, the 12-month review hearing, and the hearing pursuant to Welfare and Institutions Code section 366.26 (section 366.26 hearing) all simply repeated, "The Indian Child Welfare Act does not apply."
At the six-month review hearing, the 12-month review hearing, and the section 366.26 hearing, the juvenile court still made no ICWA findings.

II

ICWA NOTICE

A. Statutory Background.

In general, the ICWA applies to any state court proceeding involving the foster care or adoptive placement of, or the termination of parental rights to, an Indian child. (25 U.S.C. §§ 1903(1), 1911(1)-(3), 1912, 1913, 1914, 1915, 1916, 1917, 1918, 1920, 1921.) "Indian child" is defined as a child who is either (1) "a member of an Indian tribe" or (2) "eligible for membership in an Indian tribe and ... the biological *498 child of a member of an Indian tribe...." (25 U.S.C. § 1903(4).) "Indian tribe" is defined so as to include only federally recognized Indian tribes. (25 U.S.C. § 1903(8).)
Concerning notice, the ICWA provides: "[W]here the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify ... the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of ... the tribe cannot be determined, such notice shall be given to the [Bureau of Indian Affairs (BIA)] in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by ... the tribe or the [BIA]...." (25 U.S.C. § 1912(a); see also 25 U.S.C. §§ 1a, 1903(11).)
To enforce this notice provision, the ICWA further provides: "Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of section[ ] ... 1912 ... of this title." (25 U.S.C. § 1914.)

B. Standing.

The Department argues that the mother lacks standing to assert that notice pursuant to the ICWA was not given.
The appellant in a dependency proceeding must be "aggrieved." (In re Harmony B. (2005) 125 Cal.App.4th 831, 837, 23 Cal.Rptr.3d 207 [Fourth Dist., Div. Two]; see also Code Civ. Proc., § 902; Welf. & Inst.Code, § 395.) Recently, one court questioned whether a non-Indian parent was aggrieved by a failure to give ICWA notice to the child's alleged tribe. (In re Isayah C. (2004) 118 Cal.App.4th 684, 693-694, fn. 9, 13 Cal.Rptr.3d 198.) It reasoned that the child had already been placed with a relative of the allegedly Indian parent and that "[i]ntervention by the relevant tribe would only have made it less likely that appellant would receive custody...." (Ibid.) However, it found it unnecessary to decide this issue.
Even a non-Indian parent has rights under the ICWA. The ICWA defines "parent" so as to include (subject to one exception not applicable here) "any biological parent or parents of an Indian child...." (25 U.S.C. § 1903(9).) It then provides that "the parent," as well as the tribe, is entitled to notice. (25 U.S.C. § 1912(a).) Here, the mother had notice of the proceedings; she did not, however, receive notice of the tribe's right of intervention, as the ICWA would require. (Ibid.)
Moreover, giving notice to the tribe could result in a determination that Jonathan is in fact an Indian child. In that event, the juvenile court would have to make certain specified findings before it could terminate parental rights, including an "active efforts" finding (25 U.S.C. § 1912(d)) and a "serious ... damage" finding (25 U.S.C. § 1912(f)). Moreover, at least one "qualified expert witness[ ]" would have to testify at the section 366.26 hearing. (25 U.S.C. § 1912(f).) These heightened requirements would apply regardless of whether the tribe chose to intervene. They all tend to benefit the non-Indian as well as the Indian parent.
*499 We therefore conclude that the mother, although not Indian, has standing to assert an ICWA notice violation on appeal.

C.-D.[**]

E. The Effect of the Error.

In her opening brief, the mother requested "that the order terminating parental rights be reversed...." Nevertheless, the Department argued that we could reverse only the order terminating parental rights, and not any earlier orders. As a result, in her reply brief, the mother argued that we could reverse "any other order" in the case (capitalization omitted)although, somewhat confusingly, she concluded by requesting yet again "that the order terminating parental rights be reversed...."
In a non-ICWA case, we would hold that the mother waived any right to the reversal of any earlier orders by failing to raise this issue in her opening brief. (See, e.g., In re Daniel M. (2003) 110 Cal. App.4th 703, 707, fn. 4, 1 Cal.Rptr.3d 897.) Nevertheless, given the concerns that have been expressed about allowing a parent to waive a tribe's right to ICWA notice (see, e.g., In re Suzanna L., supra, 104 Cal. App.4th at pp. 231-232, 127 Cal.Rptr.2d 860 [Fourth Dist., Div. Two]), we choose not to do so; rather, we will assume, without deciding, that the issue has been preserved.
We do not believe, however, that we have jurisdiction to reverse any earlier orders. At this point, they have the stature of appealable orders from which no appeal was taken. "`"If an order is appealable ... and no timely appeal is taken therefrom, the issues determined by the order are res judicata."' [Citation.] `An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed.' [Citation.] Appellate jurisdiction to review an appealable order depends upon a timely notice of appeal. [Citation.]" (Wanda B. v. Superior Court (1996) 41 Cal.App.4th 1391, 1396, 49 Cal.Rptr.2d 175, quoting In re Cicely L. (1994) 28 Cal.App.4th 1697, 1705, 34 Cal.Rptr.2d 345 and In re Elizabeth M. (1991) 232 Cal.App.3d 553, 563, 283 Cal.Rptr. 483.) Thus, the only order before us is the order terminating parental rights.
We can think of only two even arguable ways we could reach the earlier orders despite this limitation on our jurisdiction.
First, arguably we could do so if the ICWA notice violation wholly deprived the juvenile court of jurisdiction. "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and `thus vulnerable to direct or collateral attack at any time.' [Citation.]" (People v. American Contractors Indem. Co. (2004) 33 Cal.4th 653, 660, 16 Cal.Rptr.3d 76, 93 P.3d 1020, quoting Barquis v. Merchants Collection Assn. (1972) 7 Cal.3d 94, 119, 101 Cal.Rptr. 745, 496 P.2d 817.) We concur, however, with those courts that have held that an ICWA notice violation is not jurisdictional. (In re Brooke C. (2005) 127 Cal.App.4th 377, 384-385, 25 Cal.Rptr.3d 590, and cases cited.)[2] It is simply an *500 appealable error of federal law. Here, the mother forfeited her right to reversal of the earlier orders based on any such error by failing to file a timely appeal.
Second, arguably we could do so if this appeal is, in essence, an invalidation proceeding under the ICWA enforcement provision. As mentioned earlier, the enforcement provision states: "Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of section[ ] ... 1912 ... of this title." (25 U.S.C. § 1914.) The enforcement provision contains no express time limitation.
An appellate court, however, is not a "court of competent jurisdiction" within the meaning of the enforcement provision.[3] As we just explained, we do not have jurisdiction to review an appealable order after the time for filing a notice of appeal has expired. Moreover, in many instances, a petition under the enforcement provision will require the resolution of disputed factual issues. We are just not the right kind of court.
In Slone v. Inyo County Juvenile Court (1991) 230 Cal.App.3d 263, 282 Cal.Rptr. 126, this court held that "Congress ... did not intend that [25 United States Code] section 1914 should preempt the subject matter jurisdiction of any state court or confer new subject matter jurisdiction upon any state court...." (Id. at p. 267, 282 Cal.Rptr. 126.) There, the juvenile court had sustained a dependency petition concerning three Indian children, removed them from their parents' custody, and terminated reunification services. (Id. at pp. 265-266, 282 Cal.Rptr. 126.) At that point, the parents filed a petition in the superior court, purportedly under 25 United States Code section 1914, to invalidate the juvenile court's orders. (Id. at p. 266, 282 Cal.Rptr. 126.) The superior court denied the petition on the ground that, under the circumstances, it was not a "court of competent jurisdiction" within the meaning of the enforcement provision. (Id. at pp. 265-266, 282 Cal.Rptr. 126.)
We affirmed. We noted that the juvenile court has exclusive jurisdiction over "issues pertaining to the custody of a dependent child...." (Slone v. Inyo County Juvenile Court, supra, 230 Cal.App.3d at p. 266, 282 Cal.Rptr. 126.) We also noted that "California law prohibits one department of a superior court from invalidating a ruling made by another department of the same court." (Id. at p. 268, 282 Cal.Rptr. 126.) We then held that the enforcement provision does not give a state court any subject matter jurisdiction it does not already have. (Id. at p. 267, *501 282 Cal.Rptr. 126.) We concluded: "While the dependency matter is before the juvenile court, plaintiffs are required to bring their petition in the juvenile court. Once all the issues raised by the petition have been adjudicated in the juvenile court, plaintiffs' recourse for review is to the appellate court. [Citations.]" (Id. at p. 270, 282 Cal.Rptr. 126; accord, Cal. Rules of Court, rule 1439(n)(1) [when a child is the subject of an open dependency proceeding, "the juvenile court is the only court of competent jurisdiction" to hear an invalidation petition under the enforcement provision].)
Although Slone was dealing with the jurisdiction of trial-level courts, not an appellate court, its reasoning applies equally here. The enforcement provision does not give us any jurisdiction to invalidate a juvenile court order based on an ICWA notice violation that we would not otherwise have. Any petition under the enforcement provision to invalidate an order in an open dependency must be filed in the juvenile court; only after the juvenile court renders an appealable ruling on the petition can we review the issues on appeal. Accordingly, although some appellate courts have suggested that an appeal asserting an ICWA violation is, in itself, a proceeding under the enforcement provision (In re S.M. (2004) 118 Cal.App.4th 1108, 1115, fn. 3, 13 Cal.Rptr.3d 606; In re Daniel M., supra, 110 Cal.App.4th 703, 707-708, 1 Cal.Rptr.3d 897; In re Pedro N. (1995) 35 Cal.App.4th 183, 190, 41 Cal. Rptr.2d 819; In re Riva M. (1991) 235 Cal.App.3d 403, 411, fn. 6, 286 Cal.Rptr. 592), we must disagree.[4]
For these reasons, we conclude that the only order subject to reversal in this appeal is the order terminating parental rights.

III

DISPOSITION
The order terminating parental rights is reversed. We order a limited remand, as follows.
The juvenile court is directed to order the Department to give notice in compliance with the ICWA and related federal and state law.
Once the juvenile court finds that there has been substantial compliance with the notice requirements of the ICWA, it shall make a finding with respect to whether Jonathan is an Indian child. (See Cal. Rules of Court, 1439(g)(5).) If at any time within 60 days after notice has been given there is a determinative response that Jonathan is or is not an Indian child, the juvenile court shall find in accordance with the response. (Cal. Rules of Court, 1439(g)(1), (4).) If there is no such response, the juvenile court shall find that Jonathan is not an Indian child. (Cal. Rules of Court, 1439(f)(6).)
If the juvenile court finds that Jonathan is not an Indian child, it shall reinstate the original order terminating parental rights.
If the juvenile court finds that Jonathan is an Indian child, it shall set a new section 366.26 hearing and it shall conduct all further proceedings in compliance with the ICWA and all related federal and state law.
We concur: HOLLENHORST, Acting P.J., and GAUT, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.C and II.D.
[**] See footnote *, ante.
[2] Brooke C. was an appeal from the dispositional order. (In re Brooke C., supra, 127 Cal.App.4th at pp. 381, 386, 25 Cal.Rptr.3d 590.) In it, the social services agency conceded that notice as required by the ICWA had not been given. (Id. at p. 383, 25 Cal. Rptr.3d 590.) The appellate court held that, because an ICWA notice violation is not jurisdictional, it could never reverse a dispositional order based on an ICWA notice violation; the only order that is ever reversible based on an ICWA notice violation is an order terminating parental rights. (Id. at pp. 384-385, 25 Cal. Rptr.3d 590.) It did, however, order a "limited remand" so the social services agency could give the requisite notice. (Id. at p. 385, 25 Cal.Rptr.3d 590.) It indicated that, once such notice was given, if the child was found to be an Indian child, the mother could file a petition in the juvenile court under the enforcement provision. (Ibid.)

This is an appeal from the order terminating parental rights. Even under Brooke C., once we find an ICWA notice violation, we must reverse an order terminating parental rights. Thus, the actual issue in Brooke C. whether we could reverse the dispositional order in an appeal from the dispositional orderis not presented here.
[3] Other wording used in the enforcement provision is likewise of questionable applicability to an appeal. For example, is an appeal a "petition"? Moreover, is a child an "Indian child" when there has not yet been any determination to that effect? There is a well-recognized distinction between a court having "reason to know" that a child is an Indian child and a child actually being an "Indian child."
[4] For this reason, although we held that the mother has appellate standing (see pt. II.A, ante), we did not reason that her standing derives from 25 United States Code section 1914. (But see In re Riva M., supra, 235 Cal.App.3d at p. 411, fn. 6, 286 Cal.Rptr. 592.)