Filed 12/4/14  Aston v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| DANIEL JOSEPH ASTON, | |
| Petitioner, | E059598 |
| v. | (Super.Ct.No. HEF970146) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | ORDER MODIFYING OPINION |
| Respondent; | NO CHANGE IN JUDGMENT |
| THE PEOPLE, | |
| Real Party in Interest. | |

THE COURT:

The opinion herein, filed on November 26, 2014, is modified as follows:

1.  The superscript number 4 indicating a footnote in the last sentence on page 4 is deleted.

2.  The footnote numbered 5 on page 5 is renumbered 4.

3.  The footnote numbered 6 on page 5 is renumbered 5.

1

4. The footnote numbered 7 on page 9 is renumbered 6.

5. The footnote numbered 8 on page 13 is renumbered 7.

There is no change in the judgment.

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

KING _____

J.

Filed 11/26/14 unmodified version

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DANIEL JOSEPH ASTON, | |
| Petitioner, | E059598 |
| v. | (Super.Ct.No. HEF970146) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Timothy F. Freer, Judge. Petition granted.

Steven L. Harmon, Public Defender, Joshua A. Knight and Joseph J. Martinez, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

1

Paul E. Zellerbach, District Attorney, and Emily Hanks, Deputy District Attorney, for Real Party in Interest.

Petitioner Daniel Joseph Aston sought to be resentenced under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (the Act).  The superior court found that he was not eligible for resentencing under that provision.  He now challenges the ruling in the instant petition for writ of mandate.  Although disqualifying factors need not be pled or proven, we cannot determine whether the trial court based its finding of ineligibility on reliable, admissible portions of the record of conviction.  Therefore, we grant the petition and direct the trial court to conduct a new hearing to determine petitioner's eligibility for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted petitioner of unlawfully driving/taking a vehicle (Veh. Code, § 10851) and fleeing from a pursuing officer with willful and wanton disregard for safety (Veh. Code, § 2800.2).  In bifurcated proceedings, the trial court found he had suffered four prior convictions for which he served prison sentences (Pen. Code, § 667.5, subd. (b)),[1] and three strike priors (Pen. Code, § 667, subds. (c), (e)).  He was sentenced to four years, plus 50 years to life.  In a nonpublished opinion (*People v. Aston* (May 19, 1999, E022332)), this court reversed the conviction due to instructional error.

---

[1]  Further statutory references are to the Penal Code, unless otherwise stated.

2

During the retrial, the trial court granted petitioner's *Faretta*[2] motion and he then entered into a plea agreement. He pleaded guilty to the vehicle theft and admitted the four prison priors and three strike priors. The charge of fleeing from a pursuing officer was dismissed at sentencing. Petitioner was sentenced to four years plus 25 years to life in prison under the three strikes law.

After the passage of Proposition 36 in November 2012, petitioner filed a petition to recall his sentence pursuant to section 1170.126. After reviewing the petition, Judge Dugan appointed the public defender to represent petitioner, notified the district attorney, and set the matter for a recall sentence conference. This conference was continued several times, and the matter was ultimately heard by Judge Freer.

The People filed opposition, arguing that petitioner was not eligible for resentencing because he had agreed to serve an indeterminate term of 25 years to life, plus four years, pursuant to a negotiated plea agreement. They contended the sentence was a material term of the agreement and the People are entitled to the benefit of the plea bargain. In addition, the People asserted petitioner was armed with a dangerous weapon, a machete, during the commission of the offense and, thus, ineligible for recall of his sentence.

In order to determine whether he was armed with a dangerous weapon during the commission of the offense, petitioner contended that the armed allegation had to have been pled and proven and the court could not go outside the record of conviction. He

---

[2] *Faretta v. California* (1975) 422 U.S. 806.

3

pointed to the fact he was never charged with, nor was there any evidence, that he possessed the machete. The trial court indicated that section 1170.126 contains no pleading and proof requirement. Furthermore, it could look beyond the record of conviction and consider any other relevant evidence to make a determination as to whether or not a person is eligible for resentencing.[3]

An evidentiary hearing was conducted on July 16, 2013, and certain exhibits were admitted. Petitioner's prison records, including parole revocation hearing documents relating to the incident that led to the current conviction were admitted as Exhibit 1 (Charge Sheet/Revocation Tracking/Scheduling Request). The court considered the trial testimony of Sheriff Sergeant Scott Baeckel (exhibit 3); California Highway Patrol Officer Michael Judge (exhibit 4); a map (exhibit 5); and the declarations of Riverside Sheriff's Investigator Robert Masson and Deputy District Attorney Michael Silverman. Masson's declaration attached a copy of a photograph he took depicting the machete at the scene of petitioner's arrest. Silverman declares that the copy of the map was used to create an exhibit referenced in Baeckel's trial testimony. With the exception of a copy of the police report that was withdrawn,[4] the trial court overruled petitioner's objections to these items on the grounds of hearsay, relevance, and lack of foundation.

---

[3] The record initially submitted with his petition did not include the transcript of the entire hearing of June 28, 2013. Petitioner submitted a transcript of the previously omitted portions of the hearing. We grant his request for judicial notice of this transcript.

4

At the conclusion of the evidentiary hearing, Judge Freer found by clear and convincing evidence that petitioner was not eligible for resentencing because he had been armed with a dangerous weapon.

DISCUSSION

Petitioner seeks writ review[5] of the superior court's denial, contending that Judge Freer exceeded his jurisdiction when he found petitioner was not eligible for resentencing after Judge Dugan had previously found that he was. Further, he contends that the finding of ineligibility was erroneous because the superior court based its ruling on facts outside the record of his conviction. We reject the first contention, but conclude that we must grant the petition and remand for a new hearing because we cannot determine whether the trial court based its finding of ineligibility on reliable, admission portions of the record of conviction.

*Jurisdiction.*

Petitioner alleges that Judge Dugan is the judge assigned to review all petitions for recall of sentence under section 1170.126,[6] and that she ruled that he was eligible for

---

[5] The Supreme Court has determined that the order is appealable. (*Teal v. Superior Court* (S211708, filed 11/6/14.) However, we issued the order to show cause in this case before the Supreme Court's decision when the issue of appealability of the order was still uncertain.

[6] The People respond that that petitioner has failed to cite to anything in the record supporting the assertion that Judge Dugan is the bench officer assigned to screen all recall petitions. While petitioner disputes this in his traverse, resolution of this matter is irrelevant to our decision. In this case, Judge Dugan was the bench officer who reviewed the petition initially.

resentencing. He contends that Judge Freer overruled a prior order from Judge Dugan, thus exceeding his authority.

Petitioner points out that it is settled law that one judge of the superior court cannot overrule another judge of the superior court. (*Ford v. Superior Court* (1986) 188 Cal.App.3d 737.) In *Ford*, the superior court entered judgment in a cause, consisting in part of an order regarding the disposition of documents made part of the record at trial. The court declared that some documents could not be returned to the litigants in the action, and ordered that some documents remain sealed, while others were available for public inspection and comment. Plaintiffs, who were not parties to the original action but alleged they were persons named in these documents, sought an injunction in another department of the superior court to restrain execution of the part of the judgment relating to the disposition of the documents. The reviewing court affirmed the order of the second superior court dismissing plaintiffs' action. It reasoned that because the superior court is but one court, one department of a superior court cannot review and restrain the judgment entered by another department. Accordingly, it concluded that "judgment rendered in one department of the superior court is binding on that matter upon all other departments until such time as the judgment is overturned." (*Ford*, at p. 742; see also *Elsea v. Saberi* (1992) 4 Cal. App. 4th 625 [when one department of superior court has entered judgment and an order denying a motion to vacate judgment is on appeal, another department cannot permit intervention of a third party and order the judgment set aside as to that party].)

6

This is not such a case. As petitioner concedes, Judge Dugan never made an explicit finding of his eligibility. He contends, however, that her actions in appointing the public defender, noticing the district attorney, and setting further court proceedings imply that she found he was statutorily eligible for resentencing. Judge Dugan never entered an order to this effect. Judge Dugan merely made a preliminary determination and continued the matter for further hearing. Judge Freer's order did not interfere with any prior order. He was assigned to preside over the case and make a final ruling.

Moreover, Judge Dugan's assessment, even if it had been reduced to a formal order, could not be binding upon the People because it was reached before they were given notice and an opportunity to be heard. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1297.) *Kaulick* holds that the prosecution has a due process right to notice and an opportunity to be heard on the issue of dangerousness. The decision suggested that the prosecution might also have the right to notice and a hearing on the issue of whether a prisoner is initially eligible for resentencing, especially to the extent that determination may be based on anything other than the undisputed record of conviction. (*Id.* at pp. 1297-1298, fn. 21.) The *Kaulick* court indicated that in such circumstances the prosecution could present evidence on the issue whether the dangerousness exception applies. We believe that the prosecution's role in assessing eligibility is not limited to the presentation of evidence, but also includes its views on the construction and application of relevant statutes. The prosecution has a due process right

to notice and an opportunity to be heard before a binding ruling is made finding a petitioner eligible for resentencing under the Act.

The People also assert that petitioner failed to raise an objection to Judge Freer considering his eligibility for resentencing and, therefore, he has forfeited this argument. Petitioner concedes that he made no objection, but responds that forfeiture does not occur where the court acted in excess of its jurisdiction or beyond its legal authority. (*In re Stier* (2007) 152 Cal.App.4th 63.) Neither doctrine applies here as discussed *ante*.

*Eligibility for Resentencing.*

To be eligible for recall of sentence under the Act, the inmate's current offense must not have been imposed for statutorily enumerated crimes or certain conduct specified in sections 667, subdivision (e)(2)(C)(i)-(iii), or 1170.12, subdivision (c)(2)(C)(i)-(iii). If the third strike is not a serious or violent felony, the inmate is entitled to be resentenced, unless one of the exceptions applies. One such exception is where the defendant "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury" in the commission of the offense. (§§ 667, subd. (e)(2)(C)(i)-(iii), 1170.12, subd. (c)(2)(C)(i)-(iii).)

The People contend that petitioner is statutorily ineligible for resentencing pursuant to section 1170.126 because he was armed in the commission of the current offense. It appears that he was driving the stolen vehicle at high speed while being pursued by police. The pursuit ended when he "rolled" the vehicle. A machete was found at the scene. Judge Freer found that it was petitioner's machete and, thus,

8

concluded by clear and convincing evidence that he was armed with a deadly weapon during the commission of the offense.[7]

Neither section 667 nor section 1170.12 defines "armed with a firearm or deadly weapon." In such circumstances the plain, ordinary meaning of "armed" should be used to implement the voters' intent. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900.) The plain meaning of "armed with" means to carry a weapon or have it available for use in either offense or defense. (*People v. Pitto* (2008) 43 Cal.4th 228, 236.) This court has recently concluded that the electorate intended "armed with a firearm," as that phrase is used in the Act, to mean having a firearm available for offensive or defensive use. (*People v.Brimmer* (2014) 230 Cal.App.4th 782 (*Brimmer*).) This decision is in accord with the decisions of our colleagues in other courts. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052 (review denied July 9, 2014, S218914) (*Blakely*); *People v. White* (2014) 223 Cal.App.4th 512.) We conclude that "armed with a deadly weapon" has the same meaning under the Act.

For the reasons explained in *Brimmer*, the trial court is not limited to the factual elements of the conviction offense or enhancement in determining whether the defendant was armed with a deadly weapon during the commission of the conviction offense or enhancement. Rather, it may examine relevant, reliable, admissible portions of the record of conviction to determine the existence of the disqualifying factor. (*Brimmer*, *supra*,

---

[7] The People argued that the vehicle was a deadly weapon as well, but the judge apparently did not base its ruling on this factor.

9

230 Cal.App.4th at pp. 800-801.)  In accord are the decisions in *White*, *Blakely,* and *People v. Osuna* (2014) 225 Cal.App.4th 1020.

Petitioner contends that the trial court improperly considered items outside the record of conviction in finding he is ineligible for resentencing.  The People respond that petitioner forfeited this claim by failing to object to the admission of these documents on this ground.  (See Evid. Code, § 353; *People v. Abel* (2012) 53 Cal.4th 891, 924; *People v. Nelson* (2011) 51 Cal.4th 198, 223; *People v. Rivera* (2011) 201 Cal.App.4th 353, 360-361.)  In a brief filed in the trial court, petitioner argued that the prosecution had the burden of proving the existence of disqualifying factors within the parameters of the rules pertaining to the "record of conviction."  Although conceding that the parameters of the "record of conviction" were somewhat undefined, he asserted that the court could look to the record of the conviction, but no further.  His oral arguments were focused on urging the pleading and proof requirement, but he did incorporate the arguments in the pleading.  A distinct issue raised at oral argument was what evidence the court could consider to determine the existence of a disqualifying factor.  The trial court concluded that it could consider any relevant evidence.  Under these circumstances, petitioner did not forfeit the argument that the trial court erred in considering matters outside the record.

As we stated in *Brimmer*, the trial court may look to the "relevant, reliable, admissible portions of the record of conviction to determine disqualifying factors."  (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 800-801, quoting *Blakely, supra*, 225 Cal.app.4th at p. 1063; see also *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336-

10

1338; *People v. Bartow* (1996) 46 Cal.App.4th 1573, 1579 (*Bartow*) [threshold admissibility question is whether item is within entire record of conviction; if it is, court must determine whether rules of evidence authorize its admission].)

In *People v. Bradford* (2014) 227 Cal.App.4th 1322, the court held that determination of the "armed with a deadly weapon" disqualifying factor was limited to the record of conviction because the language and framework of Proposition 36 contemplate a determination of a petitioner's eligibility was similar to the determination of a prior conviction as an enhancement under *Guerrero.* "Regarding eligibility, the current statute contains no procedure permitting the trial court to consider new evidence outside of the record of conviction, and we decline to imply such a procedure. To do so would impose a cumbersome two-step process in which the trial court would be required to consider new evidence at two stages of the proceedings. Had the drafters of Proposition 36 intended the trial court to consider newly offered 'evidence' at the eligibility stage, they would have include express language of the type they did to describe the nature of the court's later, discretionary sentencing determination." (*Bradford*, at p. 1339.)

While the exact parameters of "record of conviction" are somewhat ill-defined (see *People v. Woodell* (1998) 17 Cal.4th 448, 454), it has been held that the record of conviction includes the charging document and court records reflecting a defendant's admission, no contest plea, or guilty plea (*People v. Reed* (1996)13 Cal.4th 217, 224 (*Reed*)). It also includes those portions of a probation officer's report that contain the

11

defendant's admissions.  (*People v. Garcia* (1989) 216 Cal.App.3d 233, 237.)  "[F]acts established within the record of conviction, even if those facts were not essential to the judgment" may be considered.  (*People v. Smith* (1988) 206 Cal.App.3d 340, 344 [court considered the defendant's admission that he entered a residence, although this fact was not essential to his second degree burglary conviction].)  The record of conviction also includes pretrial motions and closing arguments (*White*, *supra*, 223 Cal.App.4th at p. 525) and the prior opinion in defendant's appeal (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 800-801).  A preliminary hearing transcript is also considered part of the record of conviction and admissible to support a determination that a prior conviction was a serious felony.  (*People v. Reed*, *supra*, 13 Cal.4th at p. 230; *People v. Trujillo* (2006) 40 Cal.4th 165, 177.)  In addition, a transcript of testimony given in a trial that resulted in a mistrial may constitute part of the record of conviction.  (*Bartow*, *supra*, 46 Cal.App.4th at p. 1579.)

However, documents prepared after the conviction and sentencing are not part of the record of conviction.  (*People v. Lewis* (1996) 44 Cal.App.4th 845, 851-852.)  Moreover, by requiring that the trier of fact look to the entire record of conviction but no further, the prosecution is precluded from calling live witnesses to the criminal acts in a prior case to prove that conviction was for a serious felony.  The People may not relitigate the facts behind the record.  (*Reed*, *supra*, 13 Cal.4th 217, 226.)

Here, the trial court erred in admitting the California Department of Corrections and Rehabilitation records.  It is unclear from the other items whether the machete, or a

photograph of it, was referenced at the trial. We cannot tell whether the finding of ineligibility finding was based on reliable, admissible portions of the record of conviction, or whether there was sufficient evidence to support that finding. Accordingly, we must grant the petition.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of Riverside County to vacate its order finding petitioner ineligible for resentencing and to conduct further proceedings in accordance with this opinion.[8]

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

KING
J.

---

[8] Even if the trial court ultimately determines that petitioner is eligible for resentencing because there is insufficient evidence based on the record of conviction to support a finding that petitioner was armed with a deadly weapon, it has the discretion to consider any evidence, including whether he was armed with the machete, to determine whether resentencing petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)