Filed 10/4/13  In re Z.E. CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Z.E., a Person Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY, <br><br>     Plaintiff and Respondent, <br><br>        v. <br><br> PATRICK S., <br><br>     Defendant and Appellant. | A137514 <br><br> (San Francisco City and County Super. Ct. No. JD11-3173) |

Patrick S. (appellant) appeals from the juvenile court's order denying his motion to be declared minor Z.E.'s presumed father.  Because the court subsequently terminated appellant's parental rights and the order is final, we dismiss this appeal as moot.

## BACKGROUND

In May 2011, the San Francisco Human Services Agency (respondent) filed a Welfare and Institutions Code section 300[1] petition alleging that Z.E. (Minor), a newborn, was a child coming within the jurisdiction of the court.  The petition alleged, among other things, that the Minor's mother, Marjorie B. (Mother), and alleged father, Joe E. (also referred to as Tollie E.), had issues relating to mental health, substance abuse,

---

[1] All undesignated section references are to the Welfare and Institutions Code.

1

and domestic violence. Minor was declared a dependent of the court. Minor has resided with his current caretakers since January 2012.

Joe E., who is not Minor's biological father, was declared Minor's presumed father, but the juvenile court subsequently revoked the designation at his request. In June 2012, Mother disclosed to the Agency that appellant is Minor's biological father and that appellant was incarcerated in Texas. Appellant was released in August or October and moved to San Francisco on October 27. A paternity test confirmed appellant is Minor's biological father.

In December 2012, appellant moved for presumed father status pursuant to *Adoption of Kelsey S.* (1992) 1 Cal.4th 816 (*Kelsey S.*). The juvenile court denied the motion, finding that appellant failed to "promptly step forward and assume his full parental responsibilities for [Minor's] well-being, financial, emotional and otherwise." Appellant filed the present appeal from the court's order denying his motion.

Subsequently, in an order filed May 21, 2013, the juvenile court terminated the parental rights of Mother and appellant.[2] No appeal was filed from that order, which is now final. (Cal. Rules of Court, rule 8.406.)

DISCUSSION

Appellant contends the juvenile court erred in denying his motion for presumed father status and respondent failed to comply with the notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C., § 1901, et seq.). In response to a question posed by this court in a request for supplemental briefing, respondent argues the issues raised by appellant are moot due to the finality of the May 2013 order terminating appellant's parental rights. We agree.

"When no effective relief can be granted, an appeal is moot and will be dismissed. [Citation.] ' " '[T]he duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the

---

[2] We take judicial notice of the order. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 726.)

2

matter in issue in the case before it.' " [Citation.] . . . "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [respondent], an event occurs which renders it impossible for this court, if it should decide the case in favor of [appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]" ' [Citation.]" (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316; see also *In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]"].)

In re Jessica K., *supra*, 79 Cal.App.4th 1313 is directly on point. There, the juvenile court entered an order denying the mother's section 388 petition and later entered an order terminating parental rights; the mother appealed from the first order, but not from the second. (*In re Jessica K.*, at p. 1315.) The Court of Appeal dismissed the appeal as moot, explaining, "An order of the dependency court terminating parental rights may be modified only by a timely direct appeal from the order. [Citation.]" (*Id.* at p. 1316.) *In re Jessica K.* continued, "In this case, [the] mother appealed from the order summarily denying her section 388 petition, but did not appeal from the order terminating parental rights, allowing the termination order to become final. The failure to file a timely notice of appeal from the termination of parental rights order deprives us of appellate jurisdiction to modify that order. Accordingly, the parental rights termination order may not be vacated. No effective relief may be afforded [the] mother even were we to find her appeal of the denial of the section 388 petition meritorious. Thus, the appeal is moot." (*Id.* at pp. 1316-1317; see also *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 [appeal from jurisdictional and dispositional orders moot where juvenile court subsequently terminated its jurisdiction].)

Similarly, in the present case, appellant failed to appeal from the juvenile court's order terminating parental rights, which is now final. Appellant does not contend he was unable to appeal from the order, which named him specifically. (See *In re Jessica K.*,

3

*supra*, 79 Cal.App.4th at p. 1317 [The "[m]other was not without an appellate remedy. . . . [The] mother might have appealed from the order terminating her parental rights simply to preserve her right to appeal the denial of her section 388 petition."]; *In re Michelle M.*, *supra*, 8 Cal.App.4th at p. 330 [The "[a]ppellant's remedy was to attack the juvenile court's order terminating jurisdiction in order to raise the issues he urges before us."].)  In his supplemental brief, appellant does not show that effective relief could be accorded to him, even were this court to conclude his motion for presumed father status should have been granted and there was a failure to give proper notice under the ICWA.[3]

The present appeal does not fall within the discretionary exception for cases that present an "issue of broad public interest that is likely to recur."  (*Laurie S. v. Superior Court* (1994) 26 Cal.App.4th 195, 199.)  Appellant refers us to *In re Jerry P.* (2002) 95 Cal.App.4th 793, wherein the Court of Appeal concluded an appeal from denial of a request for presumed parent status was not moot even though the juvenile court had subsequently terminated parental rights and the termination order was final.  However, we understand the *In re Jerry P.* court to have exercised its discretion to decide the case under the public interest exception, because the case presented issues of first impression regarding the application of *Kelsey S.* in the dependency context and the extent to which nonbiological parents may achieve presumed parent status.  (*In re Jerry P.*, at pp. 797, 817, fn. 87 ["[T]he public policy behind uniting families and giving a child a father even if he is not the biological father make this case a case of great public importance."].)[4]

As we lack appellate jurisdiction to modify the order terminating parental rights, we will dismiss this appeal as moot.

---

[3]   We reject appellant's contention that any ICWA notice violation deprived the juvenile court of jurisdiction to proceed.  (*In re Jonathon S.* (2005) 129 Cal.App.4th 334, 340.)

[4]   Appellant's reference to *In re Raphael P.* (2002) 97 Cal.App.4th 716, 722, fn. 1, is unpersuasive because, although the court there reviewed a presumed parent determination despite a subsequent termination of parental rights, the decision does not specify the status of any appeal taken from the order terminating parental rights.  Thus, the decision does not stand for the proposition that a *final* termination order does not render other issues moot.

## DISPOSITION

The appeal is dismissed as moot.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.