Filed 2/24/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re H.G., et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B255712 <br> (Super. Ct. Nos. J068715 & J069080) <br> (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> B.G., et al., <br><br>    Defendants and Appellants. | |

Since the start of these dependency proceedings, the juvenile court and Ventura County Human Services Agency (HSA) have believed the Indian Child Welfare Act (ICWA) does not apply. (25 U.S.C. § 1901 et seq.) Evidence submitted for the first time on appeal, however, establishes that the children, who are of Eskimo descent, are Indian children under ICWA. We discuss the remedy.

Father and mother appeal from the order terminating parental rights to their two minor children (minors) and selecting adoption as the permanent plan. (Welf. & Inst. Code, § 366.26.)[1] Three years ago, father submitted an ICWA-020 form claiming possible Eskimo heritage. HSA informed the juvenile court that ICWA does not apply to

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

Eskimo families. The juvenile court agreed and found ICWA inapplicable. HSA concedes this was error. The federal definition of "Indian" includes "Eskimos and other aboriginal peoples of Alaska." (25 U.S.C. § 479; *In re B.R.* (2009) 176 Cal.App.4th 773, 783.)

To avoid a remand to ensure ICWA notice compliance, HSA sent ICWA-030 form notices to four native entities, including the Noorvik Native Community (NNC), a federally-recognized Alaskan Indian tribe. NNC responded by confirming minors are lineal descendants of their paternal grandmother, who is a tribe member. It stated minors "have a chance at getting enrolled within [NNC]" and provided application information. Father subsequently submitted a letter from NNC, dated November 5, 2014, which states: "The [NNC] has accepted the enrollment application from [father and minors]. [All three] are lineal descendants of a tribe member. [Father and minors] are now enrolled members of the [NNC]."[2]

ICWA reflects a congressional determination that it is in the best interests of Indian children to retain tribal ties and cultural heritage and in the interest of the tribe to preserve its future generations. (25 U.S.C. § 1902; see *In re Desiree F.* (2000) 83 Cal.App.4th 460, 469; § 224, subd. (a).) ICWA defines "Indian child" as a child who is either a member of an Indian tribe or eligible for membership in an Indian tribe and the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); *In re Junious M.* (1983) 144 Cal.App.3d 786, 796; see § 224.1, subd. (a).) Now that NNC has confirmed minors are tribe members, the parties agree they are Indian children under ICWA. (25 U.S.C. § 1903(4); § 224.3, subd. (e)(3).)

Before terminating parental rights to an Indian child, the juvenile court must satisfy ICWA requirements. (*In re Jonathon S.* (2005) 129 Cal.App.4th 334, 339 (*Jonathon S.*).) Among other things, it must find that "active efforts" were made to

---

[2] We previously granted HSA's unopposed motion to augment the record with documents demonstrating ICWA compliance and father's unopposed motion requesting that we accept, as evidence on appeal, the November 5, 2014, letter from NNC. (See Code Civ. Proc., § 909; Cal. Rules of Court, rule 8.252(c).)

provide services designed to prevent the breakup of the Indian family, and that parents' continued custody of minors "is likely to result in serious emotional or physical damage." (25 U.S.C. § 1912(d), (f); *Jonathon S.,* at p. 339.)  The latter finding shall be "supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses."  (25 U.S.C. § 1912(f); *Jonathon S.*, at p. 339; *In re Riva M.* (1991) 235 Cal.App.3d 403, 410.)  "These heightened requirements . . . apply regardless of whether the tribe [chooses] to intervene [in the case]."  (*Jonathon S.*, at p. 339; *Riva M.*, at p. 410.)

Having found ICWA inapplicable, the juvenile court did not consider these requirements before terminating parental rights.  (See 25 U.S.C. § 1912(d), (f); *Jonathon S., supra,* 129 Cal.App.4th at p. 339.)  NNC also was not afforded an opportunity to intervene.  (See 25 U.S.C. § 1912(a); *In re Kahlen W.* (1991) 233 Cal.App.3d 1414, 1425-1426.)  Accordingly, as HSA now concedes, the order terminating parental rights must be reversed and the matter remanded for a new section 366.26 hearing in compliance with ICWA.[3]  (*Jonathon S.,* at pp. 342-343; *In re Jonathan D.* (2001) 92 Cal.App.4th 105, 111; see *In re Francisco W.* (2006) 139 Cal.App.4th 695, 709-711.)

We recognize our decision further delays permanency for minors, "but cannot conclude that the prospect of such a delay excuses non-compliance at the expense of those that ICWA is intended to protect."  (*In re Alice M.* (2008) 161 Cal.App.4th 1189, 1197.)  We urge the juvenile court and the parties to expedite resolution of these proceedings on remand.

The order terminating parental rights is reversed and the matter remanded to the juvenile court with instructions to conduct a new section 366.26 hearing in

---

[3] At oral argument, parents requested that we also reverse the dispositional order. We lack authority to do so.  (*Jonathon S., supra*, 129 Cal.App.4th at pp. 340-342.)  In light of our decision, we do not reach parents' contentions that the juvenile court erred by finding the beneficial exception to adoption does not apply and by failing to select a legal guardianship as the permanent plan.

conformity with the provisions of ICWA and applicable state law.

CERTIFIED FOR PUBLICATION.


PERREN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Ernesto Paz Rey, under appointment by the Court of Appeal, for Defendant and Appellant Father.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant Mother.

Leroy Smith, County Counsel, Joseph J. Randazzo, Patricia McCourt, Assistant County Counsel, for Plaintiff and Respondent.