Filed 8/2/22 In re D.S. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re D.S., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTINA M.,<br><br>    Defendant and Appellant. | G061167<br><br>(Super. Ct. No. 21DP1270)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Isabel Apkarian, Judge. Conditionally reversed and remanded with directions. Request for judicial notice denied. Motion for dismissal denied.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

\*        \*        \*

Christina M. (Mother) appeals from the juvenile court's orders concerning her child D.S. (the child). Mother does not challenge the merits of the orders. Mother's sole contention is the Orange County Social Services Agency (SSA) failed to comply with the Indian Child Welfare Act of 1978 (ICWA). County counsel concedes "that SSA did not adequately inquire of extended family members." We agree.

Thus, we conditionally reverse the juvenile court's dispositional orders and remand the matter for the limited purpose of ensuring full compliance with the ICWA and related California law. (See Welf. & Inst. Code, § 224 et seq.)[1]

I

FACTS AND PROCEDURAL HISTORY

Because the sole issue on appeal is limited to ICWA compliance, we will set forth only those facts relevant to the ICWA inquiry and notice requirements.

On November 2, 2021, SSA filed a juvenile dependency petition alleging inadequate supervision and inability of Mother to provide care for the child (then 13 years old). (§ 300, subds. (b)(1) & (c).) The alleged father is deceased.

On November 3, 2021, at a detention hearing, Mother indicated through counsel that she may have Native American ancestry. Mother was unsure of the tribe. The juvenile court deferred making an ICWA finding and directed SSA to investigate the child's American Indian heritage and provide notice to the "appropriate tribe."

On December 9, 2021, at an arraignment hearing, Mother again indicated through counsel that she may have Native American ancestry. The juvenile court again deferred making an ICWA finding and directed the SSA to complete a proper inquiry.

On January 11, 2022, SSA interviewed maternal grandmother by phone regarding the child's American Indian ancestry.

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

On January 20, 2022, through January 27, 2022, SSA e-mailed, called, and mailed letters to various American Indian tribes. Prior to the jurisdiction and disposition hearing, SSA wrote an addendum report indicating no responses had been received.

On February 16, 2022, the juvenile court held a jurisdiction and disposition hearing. The court declared the child a ward of the court, removed custody from Mother, and vested custody with the SSA director for suitable placement. The court made no orders concerning the ICWA.

On March 4, 2022, Mother filed an appeal.

On May 2, 2022, Mother filed an opening brief. Mother does not challenge the jurisdictional order, or the merits of the dispositional order. Mother argues that the SSA failed in its initial inquiry and notice requirements under the ICWA.

On June 16, 2022, county counsel filed a respondent's brief, a request for judicial notice, and a motion to dismiss.[2]

On July 5, Mother filed a letter advising the court that she was not filing a reply brief.

On July 7, 2022, Mother filed a letter bringing to this court's attention recent relevant authority. (See *In re E.V.* (June 30, 2022, G061025) ___ Cal.App.5th ___ [2022 Cal.App. Lexis 581].)

---

[2] County counsel asks this court to take judicial notice of various documents that purportedly establish that the SSA has now complied with the inquiry and notice provisions of the ICWA. County counsel further argues that Mother's appeal is now moot and moves for a dismissal. But all the proffered documents are dated after Mother filed the instant appeal. We decline to consider the postjudgment evidence as these documents were not before the juvenile court. (See *In re I.G.* (2005) 133 Cal.App.4th 1246, 1253 ["'Making the appellate court the trier of fact is not the solution'"].) Thus, we deny both the request for judicial notice and the motion to dismiss.

II

DISCUSSION

The ICWA is a federal law concerning the removal of Native American children from their families. (25 U.S.C. § 1901 et seq.) The ICWA gives tribal governments presumptive jurisdiction over foster care placement proceedings for Indian children who do not live on a reservation. (*Mississippi Band of Choctaw Indians v. Holyfield* (1989) 490 U.S. 30, 49.) Generally, when an Indian child is involved in a juvenile dependency proceeding, the identified tribe must receive notice of the pending proceeding, as well as notice of its right to intervene. (25 U.S.C. § 1912(a).)

"The court, county welfare department, and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . may be or has been filed, is or may be an Indian child." (§ 224.2, subd. (a).) A duty of further inquiry is triggered if there is "information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe." (§ 224.2, subd. (e)(1).) A non-Indian mother has standing to contend that the juvenile court erred by failing to ensure notice was given in accordance with the ICWA. (*In re Jonathon S.* (2005) 129 Cal.App.4th 334, 338-339.)

"If there is reason to know the child is an Indian child, but the court does not have sufficient evidence to determine that the child is or is not an Indian child, the court shall confirm, by way of a report, declaration, or testimony included in the record that the agency or other party used due diligence to identify and work with all of the tribes of which there is reason to know the child may be a member, or eligible for membership, to verify whether the child is in fact a member or whether a biological parent is a member and the child is eligible for membership." (§ 224.2, subd. (g).)

Here, Mother's statement regarding American Indian heritage triggered SSA's duty of further inquiry under the ICWA. The juvenile court subsequently ordered SSA to follow up as to the child's heritage and deferred making an ICWA finding.

4

However, the record does not establish that SSA exercised due diligence regarding the inquiry and notice provisions of the ICWA. County counsel concedes "that SSA did not adequately inquire of extended family members." Further, the court did not make a ruling as to the ICWA status of the child prior to the dispositional orders.

"In the case of *In re A.R.* (2022) 77 Cal.App.5th 197 . . . , this court established a clear rule that requires reversal in all cases where the ICWA inquiry rules were not followed. County counsel has misconstrued the *A.R.* opinion as advising SSA to promptly address any defects and inviting SSA to submit evidence of its belated efforts to avoid reversal of the judgment. The Court of Appeal is not the appropriate venue for determining if SSA's postjudgment investigation was adequate." (*In re E.V.*, *supra*, ___ Cal.App.5th at pp. ___ [2022 Cal.App. Lexis 581 at pp. *1-*2].)

Thus, we must conditionally reverse the juvenile court's dispositional orders and remand to ensure compliance with the ICWA.

III

DISPOSITION

The dispositional orders are conditionally reversed. The matter is remanded to the juvenile court to ensure compliance with the ICWA and related California law. After the court ensures compliance with the applicable inquiry and notice requirements, the court's dispositional orders may be reinstated.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.