Filed 11/8/22 In re E.W. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re E.W., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. A.H., Defendant and Appellant. | E078652 (Super.Ct.No. J290018) OPINION |

APPEAL from the Superior Court of San Bernardino County. Steven A. Mapes, Judge. Affirmed.

Richard D. Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Joseph R. Barrell, Deputy County Counsel, for Plaintiff and Respondent.

1

In this appeal from an order bypassing reunification services, defendant and appellant A.H. (father) contends only that plaintiff and respondent San Bernardino County Children and Family Services (the department) failed to comply with its duty of further inquiry imposed by state statutory provisions implementing the Indian Child Welfare Act of 1978 (25 U.S.C. §§ 1901 et seq.) (ICWA).

The department concedes that it did not comply with its duty of further inquiry and that a limited remand is proper. We agree the department has yet to completely fulfill its duty of further inquiry, but such a violation is not grounds for reversing the bypass order or remanding the matter in this ongoing case. (See *In re S.H.* (2022) 82 Cal.App.5th 166 (*S.H.*).) Accordingly, we affirm.[1]

## BACKGROUND

On August 2, 2021, the department filed a dependency petition on behalf of father's then three-year-old daughter E.W., pursuant to Welfare and Institutions Code[2] section 300, subdivisions (b), (g), and (j). Mother informed the department that ICWA may apply to E.W. through the Chickasaw tribe. Mother later denied she had any Indian ancestry as far as she knew, as did a paternal aunt.

In late August, father told the department E.W. had Choctaw Indian ancestry. The paternal grandmother said the paternal great-grandmother was Choctaw and buried on a

---

[1] "In addition, because ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[2] Undesignated statutory references are to the Welfare and Institutions Code.

2

reservation. She told the department to contact another paternal aunt, who might have more information, but she did not have the paternal aunt's phone number.

Later that month the court questioned father about his Indian heritage. Father said he believed he had Chickasaw and Cheyenne heritage, and that E.W.'s paternal great-grandmother was a registered member of a tribe. He also said the paternal aunt would have more information, but when asked for her number provided paternal grandmother's instead. Father again claimed Chickasaw and Cheyenne ancestry on a form filed at the end of the month.

Paternal grandmother informed the department that the paternal great-grandmother was buried in the Riverside National Cemetery in an area designated for Choctaw Indians. However, when the department called the cemetery, it said it had no area designated for Choctaw Indians. The paternal grandmother was still unable to get in contact with, or provide contact information for, the paternal aunt she and father identified as potentially having additional information.

In December 2021, the department contacted the Choctaw Nation of Oklahoma. The Choctaw Nation informed the department that neither father nor the paternal great-grandmother were enrolled in the tribe, and that father would have to be enrolled for E.W. to be a member.

In February 2022 the court sustained the petition and ordered family reunification services for mother. It denied services for father pursuant to section 361.5,

3

subdivision (b)(10), because father previously failed to reunify with E.W.'s siblings. It also found E.W. may come under ICWA.

Father appealed the order bypassing reunification services.

ANALYSIS

Father argues the department and the juvenile court did not comply with their duty of further inquiry under ICWA. The department concedes it did not, and requests we remand to allow them to do so. We agree that it has yet to fulfill that duty, but as we explain, no reversal or remand is warranted under these circumstances.

Under California law, the juvenile court and county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child. (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566.) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*In re D.F.*, at p. 566.)

When the initial inquiry gives the juvenile court or social worker "reason to believe that an Indian child is involved," the court and social worker must conduct further inquiry to "determine whether there is reason to know a child is an Indian child." (§ 224.2, subd. (e) & (e)(2).) There is reason to believe a child is an Indian child if the court or the social worker "has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe." (§ 224.2, subd. (e)(1).) Further inquiry includes, among other things, interviewing the parents and

4

extended family members, contacting the Bureau of Indian Affairs (BIA) and State Department of Social Services, and contacting the tribe or tribes concerned. (§§ 224.2, subd. (e)(2)(A)-(C).) The department "does not discharge their duty of further inquiry until they make a 'meaningful effort' to locate and interview extended family members and to contact BIA and the tribes. [Citation.] '[J]ust as proper notice to Indian tribes is central to effectuating ICWA's purpose, an adequate investigation of a family member's belief a child may have Indian ancestry is essential to ensuring a tribe entitled to ICWA notice will receive it.' " (*In re K.T.* (2022) 76 Cal.App.5th 732, 744 (*K.T.*).)

The department agrees with father that there is reason to believe E.W. is a member of an Indian tribe. It also concedes it failed to meet its duty of further inquiry because it had not contacted the Chickasaw or Cheyenne tribes, the Bureau of Indian Affairs, or any extended paternal family members besides paternal grandmother and a paternal aunt. The parties agree that this court should remand to allow the department to meet its duty of further inquiry.

We applaud the department's candor in conceding it has not discharged its duty here. However, the procedural posture of the current appeal makes its requested remedy inappropriate. Although there is a "split of authority as to whether a violation of the ICWA constitutes jurisdictional error," such that any violation requires reversal (*In re Brooke C.* (2005) 127 Cal.App.4th 377, 384 (*Brooke C.*)), this court has previously approved the approach articulated in *Brooke C.* (*In re Jonathon S.* (2005) 129 Cal.App.4th 334, 340.) Under that approach, in a dependency case, "the only order

5

which would be subject to reversal for failure to give notice would be an order terminating parental rights." (*Brooke C.*, at p. 385.)[3] Accordingly, reversing father's bypass order is not a proper remedy for the department's conceded ICWA violations.

Nor is remand necessary. E.W.'s dependency matter will not end with this appeal. The trial court has found that E.W. may be an Indian child, and therefore presumably expects the department to continue its inquiry. The department remains able—and will be expected—to fully comply with its duties under ICWA as the case progresses. Given this, remand is unnecessary. (See *S.H.*, *supra*, 82 Cal.App.5th at p. 176.)

Appellant's counsel focuses on the need for a "solution" to the problem with continual ICWA violations. We agree the matter is concerning, and that the Court of Appeal should act to ensure agencies comply with their duty of inquiry in the first place. (See *K.T.*, *supra*, 76 Cal.App.5th at pp. 744-745 ["Over the past three years there have been a significant number of cases from this county in which the failure to adequately investigate ICWA's application . . . . This is concerning, especially considering our court's admonishment from nearly a decade ago that we were 'well past the stage of "*growing* weary of appeals in which the only error is the [agency's] failure to comply with [ ] ICWA." ' "].) With this case ongoing, however, we need not remand here.

---

[3] Although *Brooke C.* involved ICWA's notice provisions, we see no reason why its rationale should not extend to the duty of further inquiry.

## DISPOSITION

We affirm the order bypassing family reunification services.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL J.

We concur:

CODRINGTON
Acting P. J.

FIELDS J.

7