Filed 11/29/22 In re T.S. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re T.S., et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>K.C.,<br><br>    Defendant and Appellant. | E078923<br><br>(Super.Ct.Nos. J291355, J291356 & J291357)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Lynn M. Poncin, Judge. Affirmed.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Tom Bunton, County Counsel, and Joseph R. Barrell, Deputy County Counsel, for Plaintiff and Respondent.

In this appeal from a dispositional order, defendant and appellant K.C. (father) contends only that plaintiff and respondent San Bernardino County Children and Family Services (the department) failed to comply with its duty of further inquiry imposed by state statutory provisions implementing the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA). The department contends the issue is not yet ripe because the inquiry is ongoing. We affirm.[1]

## I. BACKGROUND

Father has three children, who are all the subjects of this appeal: T.S. (born 2007), S.C. (born 2012), and Ta.S. (born 2014).

In November 2021, the department filed separate dependency petitions for each child pursuant to Welfare and Institutions Code[2] section 300. The next day father informed the department and the court that he may have Indian ancestry.

The court held a contested jurisdiction/disposition hearing in February 2022. The court found jurisdiction over the children but continued the hearing as to disposition so the department could conduct a further ICWA inquiry. At the continued disposition

---

[1] "Undesignated statutory references are to the Welfare and Institutions Code. In addition, because ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[2] All future statutory references are to the Welfare and Institutions Code unless otherwise stated.

2

hearing, the court found "the children *may* come under the provisions of the [ICWA]." The court also removed the children from both parents.

Father appealed the dispositional order.

## II. ANALYSIS

Father argues the department and the juvenile court did not comply with their duty of further inquiry under ICWA. Specifically, father argues the notices sent to the relevant tribes were incomplete, as they did not contain information regarding certain identified paternal relatives including the paternal grandfathers. The department argues the issue is not yet ripe for consideration because the juvenile court found ICWA may apply, so the inquiry is ongoing and there is no erroneous order to be corrected. Applying *In re Dominick D.* (2022) 82 Cal.App.5th 560, 563, 567 (*Dominick D.*) and *In re S.H.* (2022) 82 Cal.App.5th 166 (*S.H.*), we affirm on the basis that alleged ICWA inquiry error does not warrant reversal of a dispositional order.[3]

Under California law, the juvenile court and county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section

_____

[3] We note that courts are split on the proper disposition of cases where the parents appeal some order other than the order terminating parental rights, so the dependency remains ongoing in trial court, and the only alleged error is with the ICWA inquiry. Another panel of this court has held the appropriate disposition where the juvenile court has found that ICWA does not apply is to vacate the ICWA finding and remand, but otherwise affirm. (*Dominick D.*, *supra*, 82 Cal.App.5th at p. 568.) At least one case has disagreed with this approach and instead concluded the appeal is moot and should be dismissed. (See *In re Baby Girl M.* (2022) 83 Cal.App.5th 635.) We follow the approach outlined in *S.H.*, *supra*, 82 Cal.App.5th at pp.179-180, concluding that the appropriate disposition is to affirm without remand. Whether we remand as in *Dominick D.* or affirm as we do here, the case returns to trial court with an ongoing duty to comply with ICWA.

300 petition may be an Indian child. (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*D.F.*).) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*D.F.*, at p. 566.) When the initial inquiry gives the juvenile court or social worker "reason to believe that an Indian child is involved," (§ 224.2, subd. (e)) the court and social worker must conduct further inquiry to "determine whether there is reason to know a child is an Indian child." (§ 224.2, subd. (e)(2).) The department "does not discharge their duty of further inquiry until they make a 'meaningful effort' to locate and interview extended family members and to contact BIA and the tribes.' " (*In re K.T.* (2022) 76 Cal.App.5th 732, 744.)

There is a "split of authority as to whether a violation of the ICWA constitutes jurisdictional error," such that any violation requires reversal. (See *In re Brooke C.* (2005) 127 Cal.App.4th 377, 384 [discussing split] (*Brooke C.*).) This court has previously followed the approach taken in *Brooke C.* (See *Dominick D.*, *supra*, 82 Cal.App.5th at pp. 563, 567; *In re Jonathon S.* (2005) 129 Cal.App.4th 334, 340.) Under that approach, in a dependency case, "ICWA inquiry and notice errors do not warrant reversal of the juvenile court's jurisdictional or dispositional findings and orders." (*Dominick D.*, at p. 567.) In other words, "the only order which would be subject to reversal for failure to give notice would be an order terminating parental rights." (*Brooke C.*, at p. 385.)

4

Father's current appeal is from the juvenile court's dispositional order, not an order terminating parental rights. Therefore, even assuming ICWA inquiry error, such error is not sufficient to warrant reversing the juvenile court's order.

Nor is remand with instructions to complete the ICWA inquiry necessary, regardless of the merits of father's arguments that the department has not yet completed its duty of further inquiry. (See *S.H.*, *supra*, 82 Cal.App.5th at pp. 176-178.) This dependency matter will not end with this appeal. The juvenile court has found the children may be Indian children, which requires the department to continue its inquiry into ICWA matters. "So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both the Agency and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*S.H.*, at p. 179.) Here, that appears to be the case.

## III. DISPOSITION

We affirm the juvenile court's dispositional order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

MILLER _____
Acting P. J.

SLOUGH _____
J.

5