Filed 8/14/23  In re J.N. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re J.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B325408 (Super. Ct. No. J072946) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.S.,<br><br>    Defendant and Appellant. | |

M.S. (Mother) appeals from the juvenile court's order terminating dependency jurisdiction over her minor son, J.N., and selecting legal guardianship as the permanent plan.  (Welf. & Inst. Code,[1] § 366.26.)  Mother contends, and county counsel

_____

    [1] Unlabeled statutory references are to the Welfare and Institutions Code.

concedes, the case should be remanded for compliance with the inquiry requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) and related provisions of California law (§ 224.2). We agree, and remand.

FACTUAL AND PROCEDURAL HISTORY

J.N. was born in 2014. In 2021, the Ventura County Human Services Agency (HSA) petitioned the juvenile court to take dependency jurisdiction over J.N. due to Mother's substance abuse and mental health issues. The court did so, and ordered reunification services for Mother.

When dependency proceedings began, Mother reported that she had Yucca Indian ancestry. The maternal grandmother also reported Yucca Indian ancestry, but said tribal officials told her that her family was not eligible for enrollment in the tribe and that all other family members with information on their ancestry were deceased. HSA social workers investigated and found no federally recognized Yucca Indian tribe.

Social workers also spoke with J.N.'s paternal relatives. The paternal grandmother reported that the family had Cherokee ancestry. But a paternal aunt denied that the family had Cherokee ancestry, and said that no one in J.N.'s family lived on a reservation or had tribal membership.

The juvenile court found ICWA inapplicable. It terminated dependency jurisdiction over J.N., and ordered him placed in a legal guardianship with his paternal aunt.

DISCUSSION

Mother contends, and county counsel concedes, the case should be remanded for compliance with ICWA's inquiry requirements. We agree.

2

For purposes of ICWA, an "Indian child" is a child who either is a "member of an Indian tribe" or "is eligible for membership in an Indian tribe" because they are the biological child of a tribe member. (25 U.S.C § 1903; see also § 224.1, subd. (a) [adopting federal definition].) There is an "affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (§ 224.2, subd. (a).) This duty "can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*In re D.F.*).)

At issue here is the second phase, the duty of further inquiry. This duty "is imposed when [HSA] or the juvenile court has '*reason to believe* that an Indian child is involved' in the proceedings." (*In re D.F., supra,* 55 Cal.App.5th at p. 566.) It requires: (1) interviewing the child's relatives about possible Indian ancestry, (2) contacting the Bureau of Indian Affairs (BIA), and (3) contacting any tribe "that may reasonably be expected to have information regarding the child's membership or eligibility." (*Id.* at pp. 566-567.)

A non-Indian parent has standing to raise an ICWA challenge on appeal. (*In re Jonathon S.* (2005) 129 Cal.App.4th 334, 339.) Where, as here, the facts are undisputed, we independently review whether ICWA's inquiry requirements have been satisfied. (*In re A.M.* (2020) 47 Cal.App.5th 303, 314.)

They have not. The paternal grandmother said that J.N. may have Cherokee ancestry. This gave HSA and the juvenile court reason to believe that J.N. is an Indian child (see § 224.2, subd. (e)(1)), and required them to contact the BIA and federally recognized Cherokee tribes about that possible ancestry (see *id.*, subd. (e)(2)). Nothing in the record shows that those contacts

3

were made.  Remand is accordingly required.  (*In re J.K.* (2022) 83 Cal.App.5th 498, 511-512.)

DISPOSITION

The juvenile court's order terminating dependency jurisdiction over J.N. and ordering legal guardianship as the permanent plan, entered November 10, 2022, is conditionally affirmed, and the matter is remanded for compliance with the further-inquiry requirements of ICWA and related California law.  After these inquiries have been made, the court shall make ICWA findings at a noticed hearing.  If the court finds ICWA inapplicable, its November 2022 order terminating dependency jurisdiction over J.N. shall remain the order of the court.  If the court determines that J.N. is an Indian child, however, it shall vacate the November 2022 termination order and conduct further proceedings consistent with this opinion, including a new section 366.26 hearing that conforms with all relevant provisions of ICWA and the Welfare and Institutions Code.

NOT TO BE PUBLISHED.

BALTODANO, J.

I concur:

GILBERT, P. J.

YEGAN, J., Dissenting:

I respectfully dissent for the reasons stated in my dissenting opinion in *In re J.K.* (2022) 83 Cal.App.5th 498 (dis. opn. of Yegan, J.).

NOT TO BE PUBLISHED.


YEGAN, J.

1

Manuel J. Covarrubias, Judge

Superior Court County of Ventura

_____

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.