Filed 11/19/25  In re Robert F. CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re ROBERT F., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E080073 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ1900756) |
| v. | OPINION |
| JESSICA G., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton, Judge.  Conditionally reversed.

Terence M. Chucas, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath D. Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

Jessica G. (Mother) appeals from the juvenile court's order terminating parental rights to her son, Robert F. Mother argues that the Riverside County Department of Public Social Services (DPSS) failed to discharge its duty of initial inquiry under state law implementing the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq. (ICWA).) In particular, Mother argues that DPSS did not ask various extended family members whether Robert has any Indian ancestry.[1] (Welf. & Inst. Code, § 224.2, subd. (b); unlabeled statutory citations refer to this code.) In a prior opinion, we affirmed on the ground that the duty to inquire of extended family members did not apply, because Robert was not taken into temporary custody under section 306—he was taken into custody pursuant to a protective custody warrant under section 340. (*In re Robert F.* (2023) 90 Cal.App.5th 492, 497-498.)

The Supreme Court granted review and subsequently transferred the case back to this court with directions to vacate our prior opinion and reconsider the appeal in light of *In re Ja.O.* (2025) 18 Cal.5th 271 (*Ja.O.*). Having complied with the Supreme Court's directions and given the parties the opportunity to file supplemental briefs, we conditionally reverse.

BACKGROUND

In October 2019, DPSS received a referral alleging that Jonathan F. (Father) was emotionally and physically abusing nine-year-old Robert. A detective later contacted the

---

[1] Because ICWA uses the term "Indian," we use it as well "to reflect the statutory language." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125, fn. 1 (*Dezi C.*).) No disrespect is intended.

2

social worker and said that he was investigating Father for the alleged sexual abuse of a five-year-old child. Mother was serving a prison sentence for attempted murder in Arizona, where she had been incarcerated since at least 2015.

DPSS sought a protective custody warrant for Robert's removal under section 340. The court issued the warrant in late November 2019, and Robert was taken into protective custody the next day, when Father was arrested on child sexual abuse charges.[2] DPSS filed a petition under section 300, subdivisions (b)(1), (d), and (g), alleging that Robert was at substantial risk of serious physical harm or illness, he was at substantial risk of sexual abuse, and the parents were unwilling or unable to provide care or support for him.

Father denied having any Native American or Indian ancestry when DPSS interviewed him for the detention report, and he filed a Parental Notification of Indian Status form (ICWA-020) indicating that he did not have any Indian ancestry. DPSS was unable to interview Mother.

At the detention hearing in December 2019, the court asked Father whether it was true that he had no Indian ancestry, and Father said that it was. Mother was not present, so the court did not ask her about Indian ancestry. The court detained Robert from the parents and found that ICWA did not apply, but it stated that DPSS needed to continue the ICWA investigation.

---

[2] On our own motion, we augment the record to include the protective custody warrant issued by the juvenile court on November 26, 2019. (Cal. Rules of Court, rules 8.155(a)(1)(A), 8.410(b)(1).)

3

Mother denied having any Indian ancestry when DPSS interviewed her for the jurisdiction/disposition report. At the combined jurisdiction and disposition hearing, Mother also told the court that she did not have any Indian ancestry. The court found the allegations of the petition to be true, took jurisdiction over Robert, and removed him from the parents' custody. It ordered reunification services for Father but denied Mother reunification services under section 361.5, subdivision (e)(1) (parent incarcerated and services would be detrimental to child). The court found that ICWA did not apply to Robert.

The court continued Father's services at the six-month review hearing and terminated them at the 12-month review hearing. It found that ICWA did not apply at both hearings. Early in the case, DPSS placed Robert with the paternal cousin, and DPSS later placed the child with the paternal great-grandparents. DPSS also explored placing Robert with the maternal grandmother and a maternal great-aunt. There is no indication in the record that DPSS asked those extended family members about potential Indian ancestry.

The court continued the section 366.26 hearing several times, and the hearing eventually occurred in October 2022. The court found that Robert was likely to be adopted and terminated parental rights. Although the court did not make an express ICWA finding at the section 366.26 hearing, the order terminating parental rights "was 'necessarily premised on a current finding by the juvenile court'" that ICWA did not apply to Robert. (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 740, disapproved on another ground by *Dezi C.*, *supra*, 16 Cal.5th at p. 1152, fn. 18.)

4

DISCUSSION

Mother argues that DPSS failed to comply with its duty of initial inquiry under section 224.2, subdivision (b), because the agency failed to ask various extended family members whether Robert had any Indian ancestry. We agree.

To be an Indian child within the meaning of ICWA, a child must be either (1) a member or citizen of a federally recognized Indian tribe, or (2) eligible for membership or citizenship in such a tribe and the biological child of a member or citizen. (25 U.S.C. § 1903(4), (8); § 224.1, subds. (a)(4), (b)(1); *In re Jonathon S.* (2005) 129 Cal.App.4th 334, 338.) The child welfare department and the juvenile court have an "affirmative and continuing duty to inquire" whether a child in a dependency proceeding "is or may be an Indian child." (§ 224.2, subd. (a).)[3] "The duty to inquire consists of two phases—the duty of initial inquiry and the duty of further inquiry." (*In re Ricky R.* (2022) 82 Cal.App.5th 671, 678 (*Ricky R.*), disapproved on another ground by *Dezi C., supra*, 16 Cal.5th at p. 1152, fn. 18.)

"The duty of initial inquiry applies in every dependency proceeding." (*Ricky R., supra*, 82 Cal.App.5th at p. 678.) The child welfare department's duty to inquire begins "when first contacted regarding a child." (§ 224.2, subd. (b)(1).) The department must ask the "party reporting child abuse or neglect whether the party has any information that

---

[3] After we filed our previous opinion in this case, the Legislature enacted Assembly Bill No. 81 (2023-2024 Reg. Sess.), which amended section 224.2 effective September 27, 2024. (Stats. 2024, ch. 656, § 3.) We quote that version of the statute because, for purposes of this case, it is not materially distinguishable from prior law as interpreted by *Ja.O.*

the child may be an Indian child," and the department must also ask the child and the child's family members, including extended family members, upon first contact with those individuals. (*Ibid.*) In addition, if the child is taken into the department's temporary custody under section 306, "or if they were initially taken into protective custody pursuant to a warrant described in Section 340," then the department must ask "the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b)(2).) Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (§ 224.1, subd. (c)(1).)

Juvenile courts must conduct their own initial inquiry as well. "Federal regulations require state courts to ask each participant 'at the commencement' of a child custody proceeding 'whether the participant knows or has reason to know that the child is an Indian child.'" (*Ricky R.*, *supra*, 82 Cal.App.5th at pp. 678-679, quoting 25 C.F.R. § 23.107(a) (2022).) Similarly, state law requires the court to pursue an ICWA inquiry at the first hearing on a dependency petition (or at the first court appearance of a party or "other interested person[]," if the party or other interested person was not present at the first hearing). (§ 224.2, subd. (c).)

"'[R]eason to believe that an Indian child is involved' triggers the duty of further inquiry. [Citation.] '[R]eason to believe' exists whenever the court or [the child welfare department] has 'information suggesting that either the parent of the child or the child is a

member [or citizen,] or may be eligible for membership [or citizenship], in an Indian tribe.'" (*Ricky R.*, *supra*, 82 Cal.App.5th at p. 679, quoting § 224.2, subd. (e), 1st par. & (e)(1).)

The juvenile court may find that ICWA does not apply to the proceedings if it finds "that an agency's inquiry and due diligence were 'proper and adequate,' and the resulting record provided no reason to know the child is an Indian child." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1134.) The "court's fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Id.* at p. 1141.) "'"On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes."'" [Citations.] [¶] If, upon review, a juvenile court's findings that an inquiry was adequate and proper and ICWA does not apply are found to be supported by sufficient evidence and record documentation as required by California law [citation], there is no error and conditional reversal would not be warranted even if the agency did not inquire of everyone who has an interest in the child. On the other hand, if the inquiry is inadequate, conditional reversal [of an order terminating parental rights] is required so the agency can cure the error and thereby safeguard the rights of tribes, parents, and the child." (*Ibid.*)

DPSS failed to inquire of extended family members who were reasonably available in this case. The agency had contact with the maternal grandmother and the paternal cousin, but there is no evidence that DPSS asked those relatives about possible Indian ancestry. The agency erred by failing to discharge its duty of initial inquiry with respect to those extended family members. Mother contends that DPSS also erred by failing to ask the paternal great grandparents and the maternal great-aunt about Indian ancestry, but we find no error with respect to them. They do not qualify as extended family members under the statutory definition. (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1053 [agency did not have a duty to inquire of great-grandparents because they were not extended family members under ICWA].)

For these reasons, there is insufficient evidence to support the court's implied finding that DPSS conducted an adequate and proper ICWA inquiry. We therefore conditionally reverse the order terminating parental rights and remand for DPSS to conduct a proper inquiry. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1141.)

DISPOSITION

The order terminating parental rights is conditionally reversed. On remand, the juvenile court shall order DPSS to comply with its duty of initial inquiry under subdivision (b) of section 224.2 and, if applicable, the duty of further inquiry (§ 224.2, subd. (e)) and the duty to provide notice to the proper tribes (25 U.S.C. § 1912(a); § 224.3). The court shall also order DPSS to comply with the documentation requirements of rule 5.481(a)(5) of the California Rules of Court. If the court determines that DPSS has complied and that ICWA does not apply, then the court shall reinstate the

8

order terminating parental rights.  If the court determines that ICWA applies, then it shall proceed in conformity with ICWA and related California law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MILLER

Acting P. J.

FIELDS

J.

9