Filed 2/16/23  In re O.L. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re O.L. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E079745 |
| Plaintiff and Respondent, | (Super. Ct. No.  SWJ200224) |
| v. | OPINION |
| M.J., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Donal B. Donnelly, Judge.  Affirmed.

Marisa L. D. Conroy, under appointment by the Court of Appeal, for Defendant and Appellant M.J.

Minh C. Tran, County Counsel, Melinda H. Frey, Deputy County Counsel, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

M.J. (Mother) appeals from the juvenile court's jurisdictional/dispositional order as to her four children.[1] Mother's sole contention on appeal is that the Riverside County Department of Public Social Services (DPSS) failed to discharge its duty of initial inquiry under state law implementing the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.), and therefore substantial evidence did not support the juvenile court's finding that ICWA did not apply. DPSS acknowledges the error and intends to remedy the omissions, but contends that because this is an appeal from disposition, reversal of the dispositional order and remand is not required. Applying *In re Dominick D.* (2022) 82 Cal.App.5th 560, 563, 567 (*Dominick D.*) and *In re S.H.* (2022) 82 Cal.App.5th 166 (*S.H.*), we affirm on the basis that alleged ICWA inquiry error does not warrant reversal of a dispositional order.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2022, a petition was filed on behalf of 13-year-old O.L., nine-year-old A.L., seven-year-old Al.L., and three-year-old I.V.P. pursuant to Welfare and Institutions Code section[2] 300, subdivisions (b)(1) (failure to protect), (d) (sexual abuse), and (j)

---

[1] Neither the father of the three older children nor the father of Mother's youngest child are parties to this appeal.

[2] Unless otherwise noted, all further statutory references are to the Welfare and Institutions Code.

(abuse of sibling) based on Mother's failure to protect O.L. from sexual abuse by her half-sibling I.V.P.'s father (Father S.P.L.) and Mother's abuse of controlled substances. The petition noted that an inquiry gave no reason for DPSS to believe the children were or may be Indian children.

The children were detained, and the three older children were placed with their father (Father R.L.) while I.V.P. was taken into protective custody. The detention report noted that the parents denied Native American ancestry and that ICWA did not apply. The paternal grandparents and paternal aunt of the three older children also denied having any Native American heritage.

On May 11, 2022, Mother filed an ICWA-020 Parental Notification of Indian Status (ICWA-020) form and indicated that she had no Native American ancestry. On this same day, Fathers R.L. and S.P.L. also filed an ICWA-020 form, indicating they had no Native American ancestry.

The detention hearing was held on May 11, 2022. All three parents were present in court. The court formally detained the children from Mother's and Father S.P.L.'s custody and set a jurisdiction hearing. The court did not detain the three girls from their father and ordered the girls to remain in the care and custody of Father R.L. The juvenile court omitted to inquire of the parents regarding their Native American ancestry. The court's minute order of the detention hearing, however, indicates ICWA does not apply to the proceedings.

In its June 1, 2022 jurisdiction/disposition report, DPSS recommended that (1) the juvenile court find true the allegations in the petition against Mother and Father S.P.L.; (2) in lieu of dependency, Father R.L. be granted Family Law Court orders granting him full legal and physical custody of his three girls; (3) I.V.P. be adjudged a dependent of the court; and (4) Mother and Father S.P.L. be provided with reunification services. DPSS also recommended that the court find ICWA does not apply. In the report, DPSS noted that at the detention hearing, the juvenile court found ICWA did not apply as to the children and that during the initial investigation, the parents denied having any Native American ancestry. The report further noted that on May 23, 2022, Mother, Fathers R.L. and S.P.L. denied having any Native American ancestry.

The jurisdictional/dispositional hearing was held on August 19, 2022. The juvenile court found true the allegations in the petition, declared I.V.P. a dependent of the court, and provided the parents with reunification services. In regards to the three girls, the court granted Father R.L. full legal and physical custody of his daughters in lieu of dependency. The court further found that ICWA did not apply. Mother timely appealed the dispositional order.

III.

DISCUSSION

Mother contends that the juvenile court and DPSS failed to comply with their duty of inquiry with respect to ICWA. She thus argues there is insufficient evidence to support the court's finding that ICWA did not apply. DPSS acknowledges that "there

4

were inadvertent omissions in conducting the initial inquiry by the Court and that extended family members were not questioned on the issue of whether the children might be Indian children." DPSS further asserts that it "intends to remedy these omissions with regard to the one child that remains under the juvenile court's jurisdiction" and that because this is an appeal from disposition, pursuant to *S.H.*, *supra*, 82 Cal.App.5th 166 reversal of the disposition order and remand is not required. We affirm since alleged ICWA inquiry error does not warrant reversal of a dispositional order.[3]

ICWA establishes minimum federal standards that a state court must follow before removing Indian children from their families. (*In re T.G.* (2020) 58 Cal.App.5th 275, 287.) California law implementing ICWA also imposes requirements to protect the rights of Indian children, their families, and their tribes. (See §§ 224-224.6; *In re Abbigail A.* (2016) 1 Cal.5th 83, 91 ["persistent noncompliance with ICWA led the Legislature in 2006 to 'incorporate[] ICWA's requirements into California statutory law'"].)

---

[3] We note that Courts of Appeal are split on the proper disposition of cases where the parents appeal an order other than the order terminating parental rights, so the dependency remains ongoing in the lower court, and the only alleged error is with the ICWA inquiry. Another panel of this court has held the appropriate disposition where the juvenile court has found that ICWA does not apply is to vacate the ICWA finding and remand, but otherwise affirm. (*Dominick D.*, *supra*, 82 Cal.App.5th at p. 568.) At least one case has disagreed with this approach and instead concluded the appeal is moot and should be dismissed. (See *In re Baby Girl M.* (2022) 83 Cal.App.5th 635.) We follow the approach outlined in *S.H.*, *supra*, 82 Cal.App.5th at pp.179-180, concluding that the appropriate disposition is to affirm without remand. Whether we remand as in *Dominick D.* or affirm as we do here, the case returns to trial court with an ongoing duty to comply with ICWA.

"""""Federal regulations implementing ICWA . . . require that state courts "ask each participant in an emergency or voluntary or involuntary child-custody proceeding whether the participant knows or has reason to know that the child is an Indian child." [Citation.] The court must also "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child.""""" [Citations.] 'State law, however, more broadly imposes on social services agencies and juvenile courts (but not parents) an "affirmative and continuing duty to inquire" whether a child in the dependency proceeding "is or may be an Indian child.""""' (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.)

Under California law, the juvenile court and county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child. (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566.) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*In re D.F.*, *supra*, at p. 566.) The juvenile court must inquire at each party's first appearance, whether any participant in the proceeding "knows or has reason to know that the child is an Indian child." (§ 224.2, subd. (c).) Part of the initial inquiry also includes requiring each party to complete California Judicial Council form ICWA-020, Parental Notification of Indian Status. (Cal. Rules of Court, rule 5.481(a)(2)(C).)

When the initial inquiry gives the juvenile court or social worker "reason to believe that an Indian child is involved," (§ 224.2, subd. (e)) the court and social worker

must conduct further inquiry to "determine whether there is reason to know a child is an Indian child." (§ 224.2, subd. (e)(2); see *In re J.S.* (2021) 62 Cal.App.5th 678, 686.) The department "does not discharge their duty of further inquiry until they make a 'meaningful effort' to locate and interview extended family members and to contact BIA and the tribes." (*In re K.T.* (2022) 76 Cal.App.5th 732, 744.) Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers-or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).) Finally, if the further inquiry ""'"results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply.'"'" (*In re J.C.*, *supra*, 77 Cal.App.5th at p. 78) Federal regulations define the grounds for reason to know that an Indian child is involved (25 C.F.R. § 23.107(c)(1)-(6)), and state law conforms to that definition (§ 224.2, subd. (d)(1)-(6)).

""'"If the court makes a finding that proper and adequate further inquiry and due diligence as required in [section 224.2] have been conducted and there is no reason to know whether the child is an Indian child, the court may make a finding that [ICWA] does not apply to the proceedings, subject to reversal based on sufficiency of the evidence.'"'" (*In re J.C.*, *supra*, 77 Cal.App.5th at p. 78.)

7

There is a "split of authority as to whether a violation of the ICWA constitutes jurisdictional error," such that any violation requires reversal. (See *In re Brooke C.* (2005) 127 Cal.App.4th 377, 384 [discussing split].) This court has previously followed the approach taken in *Brooke C.* (See *Dominick D.*, *supra*, 82 Cal.App.5th at pp. 563, 567; *In re Jonathon S.* (2005) 129 Cal.App.4th 334, 340.) Under that approach, in a dependency case, "ICWA inquiry and notice errors do not warrant reversal of the juvenile court's jurisdictional or dispositional findings and orders." (*Dominick D.*, *supra*, at p. 567.) In other words, "the only order which would be subject to reversal for failure to give notice would be an order terminating parental rights." (*In re Brooke C.*, *supra*, at p. 385.)

Mother's current appeal is from the juvenile court's dispositional order, not an order terminating parental rights. Therefore, even assuming ICWA inquiry error, such error is not sufficient to warrant reversing the juvenile court's dispositional order. Nor is remand with instructions to complete the ICWA inquiry necessary, regardless of the merits of Mother's arguments that DPSS has not yet completed its duty of further inquiry. (See *S.H.*, *supra*, 82 Cal.App.5th at pp. 176-178.) This dependency matter will not end with this appeal. "So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both the Agency and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*Id*. at p. 179.) That appears to be the case in the instant matter.

IV.

DISPOSITION

The juvenile court's dispositional order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:

McKINSTER _____

       Acting P. J.

MILLER _____

       J.